AMASA M. MAIN vs. ISRAEL BROWN AND OTHERS.

New London Co., Oct. T., 1887.  PARK, C. J., CARPENTER, PARDEE,
LOOMIS and BEARDSLEY, Js.

The plaintiff in September, 1881, agreed to sell to *N* the wood on a tract
of land for a price to be paid down, the purchaser to have five years
from October 1st to cut and remove the trees.  A contract was drawn
stating that to be the term within which the cutting and removing of
the wood was to be done, but *N* not being able to raise the money at
once, the contract was not executed until the 21st of December follow-
ing, the plaintiff refusing to allow *N* to cut the trees in the meantime
and *N* supposing that he was to have five years from that date.  In
May, 1885, *N* having gone into insolvency, the trustee of his estate sold
his rights under the contract to the defendant.  At the time of the sale
the trustee stated to the defendant and others, in the presence of the
plaintiff, that the purchaser would have five years from December 21st,
1881, in which to remove the wood, as he had been informed by *N*.
The plaintiff heard the statement but said nothing, and the defendant
made the purchase, in reliance upon the statement and the plaintiff's
apparent assent to it.  The defendant cut trees upon the tract from
time to time, but expected to be allowed to cut until December 21st,
1886, when the plaintiff, for the first time, in September, 1886, told him
that he could not be allowed to cut any trees after the close of that
month.  In a suit brought by the plaintiff for cutting in October, it
was held that he was estopped from claiming that the defendant had
no right to cut after the expiration of the five years specified in the
contract.

[Argued October 18th—decided December 16th, 1887.]

ACTION for cutting and carrying away trees upon land of
the plaintiff; brought to the Superior Court in New Lon-
don County and tried to the court before *Torrance, J.*
Facts found and judgment rendered for the defendants, and
appeal by the plaintiff.  The case is sufficiently stated in
the opinion.

*D. G. Perkins,* for the appellant.

*S. Lucas,* for the appellee.

PARK, C. J.  On the 21st day of September, 1881, the

plaintiff, then and still being the owner of the land described in the contract hereinafter · mentioned, agreed with one Noyes to sell him all the wood and timber on the land for the sum of $1,700 to be prepaid.

Noyes finding himself unable to pay the money, and the plaintiff refusing to allow him to begin to cut the timber until payment was made, an arrangement was made with the New York, Providence & Boston Railroad Company, by which the company agreed to advance the money, and Noyes agreed that the contract should be taken in its name for the purpose of securing the company for money advanced.

This arrangement was not completed until the 21st day of December, 1881, when the following contract was executed by the plaintiff and the railroad company :—

" This agreement, made this 21st day of December, 1881, between Amasa M. Main, of Ledyard, party of the first part, and the New York, Providence & Boston Railroad Company, party of the second part, witnesseth :—The party of the first part hereby agrees to sell to said party of the second part, all the growing or not growing wood and timber upon the following described premises, located in Ledyard, comprising about seventy-five acres, more or less, and in one lot, bounded and described as follows, to wit : Northerly by the lands of said Amasa M. Main; easterly by lands of Ira Main ; southerly by lands of said Amasa M. Main, being the Corydon Main lots, and land of Robert A. Stanton; and westerly by lands of W. L. Main, Nathan and A. Barnes.  Apple trees upon said premises are-excepted and not included in this agreement ; also those trees in the line of the boundaries which are used as bounds.  The said party of the second part is to have five years, and no more, in which to remove said wood and timber, namely, from October 1st, 1881, to October 1st, 1886.  Said party of the second part is to keep up the bars and fences around said premises from April 1st to October 1st of each year, and shall leave at the expiration of said term all fences which they may have torn down in good condition.  Said party of the second part agrees to pay for said wood and timber the

sum of seventeen hundred dollars, which sum shall be paid on or before October 1st, 1881. Said party of the second part further agrees to cut the wood and timber as they go. Dated at Ledyard, this 21st day of December, 1881."

When the contract was executed and delivered Noyes supposed and believed that he was to have five years from that time in which to get off the wood and timber.

In the month of October, 1882, the railroad company transferred all their interest in the contract to Noyes. In the month of November, 1883, Noyes made an assignment in insolvency, and one Roswell Brown became the trustee; and afterwards, on the 16th of May, 1885, Noyes and the trustee transferred all their interest in the contract and in the wood and timber to the defendant. The finding of the court, after stating these facts, proceeds as follows:

"A short time prior to the sale and conveyance to the defendant, the trustee stated to the defendant and others, in the presence of the plaintiff, that he was about to sell the right, title and interest of Noyes in and to the wood and timber, and that the purchaser would have five years from December 21st, 1881, in which to remove them, as he, the trustee, had been informed by Noyes. The plaintiff heard this statement, and made no objection or remark of any kind. The defendant in making the purchase relied upon this statement so made in the plaintiff's presence. After the purchase the defendant entered upon the land, and cut and carried away the timber, trees and wood thereon from time to time, and he supposed and believed from the statement made by the trustee as before stated in the presence of the plaintiff, that he had until December 21st, 1886, to cut and remove the wood and timber. In September, 1886, the defendant was informed for the first time by the plaintiff that the time allowed by the contract was five years from October 1st, 1881.

"On the 1st day of October, 1886, the defendant with his workmen to the number of thirteen, among whom were the other defendants, acting, as he supposed, under the rights vested in him under the contract and its assignment to him,

entered upon the land and began to cut down the trees. While the defendants were so engaged and after they had cut down a few trees the plaintiff came to them, and stated that the time for cutting and removing the trees had expired at midnight of the day before. The defendant claimed that the time, even on the plaintiff's construction of the contract, would not expire until midnight of the first of October. The plaintiff then told him that inasmuch as he had his men there, they might as well make out a half-day, and that they might continue to cut until noon of that day, and no longer; but the plaintiff at the same time said in substance that such permission to cut would not avail the defendant anything, as he would not permit the wood or timber cut or lying on the land to be removed after that hour. The defendant and his workmen, in pursuance of this permission, continued to cut until twelve o'clock noon, and no longer, and then left the premises, and have not since entered thereon."

The cutting thus done on the first day of October is the ground of this suit.

We think the declaration of the trustee to the defendant and others a short time before the sale of the property under the contract to the defendant, made in the presence of the plaintiff, who heard it and made no objection whatever to it, that he was about to sell all the right, title and interest of Noyes in the wood and timber under the contract, and that the purchaser would have five years from December 21st, 1881, in which to remove the same, as he had been informed by Noyes that such was the contract, estops the plaintiff from claiming that such was not the contract so far as the sale of the wood and timber to the defendant was concerned, for the defendant relied upon the truth of the declaration in his purchase, and conducted himself accordingly in the cutting and removal of the wood and timber, believing that he had till December 21st, 1886, in which to cut and remove it. The case has all the elements of an estoppel, and we see no reason why it should not be applied.

It may be said that it is difficult to see how the defendant

could have been deceived by the declaration of the trustee if he had made an examination of the contract.

But it should be remembered that the terms of the contract were agreed upon in September, 1881, and by those terms Noyes was to have five years from the first day of October following in which to cut and remove the wood and timber. But the plaintiff absolutely refused to let Noyes cut any wood or timber through the months of October and November and up to the 21st day of December of that year, when the contract was executed and delivered. It is true that the contract takes no notice of the time that had then elapsed, and says five years from the first day of October, thus including nearly three months during which Noyes had been refused all right to cut wood or timber, when the contract professes to confer the right to cut and remove wood and timber during five full years.

Hence it is easy to see how Noyes and the defendant construed the contract to mean five years from the time of its execution and delivery—five years during which Noyes would have the absolute right to cut and remove the wood and timber.

But it is not necessary that it should appear that the defendant acted in the matter as a prudent and cautious man should have done. Such a man would have been likely to make sure by examining the written contract. But we are to notice here that the defendant was putting at hazard an important interest, and so had every reason for desiring to know when his right to cut the wood would cease, and so cannot be regarded as having acted wilfully or with a wrong intent; while he had just cause for regarding the plaintiff's silence, at the time of the trustee's statement, as an assent to that construction of the contract, and as making an examination of it unnecessary. This in excuse of the defendant. But the plaintiff's action in the matter is a very important consideration. Not only might his silence be construed as an assent to the trustee's statement, but independently of this, he became aware of the understanding of the matter by the defendant and that his own silent ac-

quiescence had contributed to that understanding, and yet he lets more than a year pass without informing the defendant of his mistake. The sale to the defendant was made on the 16th day of May, 1885. It was not until some time in the month of September, 1886, a year and four months after, that the plaintiff for the first time told the defendant that the time allowed by the contract would expire on the first day of the following month. He had in the meantime greatly delayed the defendant in his work, by claiming that he was not complying with the contract in cutting clean as he went and in restoring the fences where removed, and yet, with all his interference with the work, he had not suggested to the defendant that he must finish his work before the first day of October, 1886. We think his conduct in the matter amounts to an assent that, whatever the contract might in terms require, the defendant should have the full five years from the date of the contract to cut and remove the trees.

And even if the defendant had examined the contract he would have found that, while not executed till the 21st day of December, 1881, it expressly requires that the $1,700 shall be paid on or before October 1st, 1881. Such a payment, though expressly and absolutely required, had become impossible at the time the contract was executed and of course was waived by the plaintiff in allowing the payment to be then made. It would not have been at all strange if Noyes in the first instance, and the plaintiff as the purchaser of his rights, should have regarded the time of the commencement of the five years as by common consent changed in the same way, and as determined by the date of the contract rather than by its original terms.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.