COMMONWEALTH *vs.* WILLIAM MCDONNOUGH.

Middlesex.    November 25, 1889. — January 2, 1890.

Present: FIELD, DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — License — Screen.*

If a person licensed to sell intoxicating liquors covers one of several windows upon the licensed premises with a shutter in the evening, so as materially to interfere with a view of the business conducted thereon, or of the interior thereof, it is a violation of his license, although a view of the premises can at the same time be obtained through the other windows.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a tenement in Woburn used for the illegal keeping and sale of intoxicating liquors from November 1, 1888, to January 28, 1889. Trial in the Superior Court, before *Thompson, J.,* who allowed a bill of exceptions, in substance as follows.

There was evidence tending to prove the following facts. The defendant had a license of the first class to sell intoxicating liquors, and occupied for that purpose a room in a building in Montvale Avenue, lighted by four windows, one of which was in the front of the room and faced that avenue, and the remaining

three were in the side of the room, and fronted upon an open lot bounding upon the avenue. On successive evenings during the time in question, the front window was covered by a wooden shutter. At the same time, however, a full and complete view of the interior of the room could be obtained through the side windows by a person standing upon the open lot or upon the avenue.

The defendant requested the judge to instruct the jury, that the closing of a shutter over one window in a place in which the business of keeping and selling intoxicating liquors is carried on under a license of the first class does not make the license void, if a reasonable and sufficient view of the interior of the premises and of the business conducted upon the premises can be obtained through other windows which are left open and uncovered by shutters or other obstructions; that the word " interfere " as used in the statute means " prevent"; that the closing of a shutter upon one window in a place in which the business of keeping and selling intoxicating liquors is carried on under a first class license renders the license inoperative and ineffectual during the time such closing continues, but at other times (during the term covered by the license) the license justifies the licensee in keeping and selling intoxicating liquors upon the premises, if it has not been revoked by competent authority.

The judge declined so to instruct the jury, and instructed them as follows : " The closing of a shutter over one window in a place in which the business of keeping and selling intoxicating liquors is carried on under a license of the first class does not make the license void unless it materially interferes with a view of the business conducted upon the premises, or with a view of the interior of the licensed premises; but if the shutter materially interferes with a view of the interior of the licensed premises, or with a view of the business conducted upon the premises, then the license thereby becomes void. Whether it does or not so interfere with a view of the interior of the licensed premises, or with a view of the business conducted upon the licensed premises, is a question of fact for the jury; and if it was such an interference, then the license thereby became void, and if the defendant after that time kept intoxicating liquors

for sale upon the licensed premises, he kept them, so far as the license is concerned, in violation of law."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. E. Fales,* for the defendant.

*A. J. Waterman,* Attorney General, *&* *H. A. Wyman,* Second Assistant Attorney General, for the Commonwealth.

BY THE COURT. The case was submitted to the jury under proper instructions. *Commonwealth* v. *Casey,* 134 Mass. 194. *Commonwealth* v. *Barnes,* 138 Mass. 511. *Commonwealth* v. *Worcester,* 141 Mass. 58. *Commonwealth* v. *Moore,* 145 Mass. 244.

*Exceptions overruled.*