THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY *vs.* THE ANSONIA LAND AND WATER POWER COMPANY.

Third Judicial District, Bridgeport, April Term, 1900. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Although interest is not recoverable on a disputed demand, except by virtue of a contract or statute, yet in certain cases of tort a sum may be allowed equal to legal interest on the amount to which the plaintiff is found to be entitled, computed from the date when the loss was suffered, upon the ground that the defendant ought in justice to have made compensation immediately after occasioning the loss. This obligation arises whenever the wrong-doer knows or could have ascertained upon due inquiry what amount was justly due.

Through the defendant's negligence a break in its reservoir wall occurred which caused a washout of the plaintiff's roadbed. The cost of the necessary repairs was a definite sum which could have been ascertained by the defendant at the time of the injury. *Held* that damages in the nature of interest on this sum from the date of the injury were recoverable as matter of law, and also interest upon the cost of transferring passengers and mails around the break, from the date of the insertion of that item in the bill of particulars.

If the items of loss are distinct and separable, the fact that some of them could not have been ascertained until stated by the plaintiff himself, does not preclude an allowance by way of interest on the others.

Argued April 17th—decided May 1st, 1900.

ACTION to recover damages for an injury to the plaintiff's roadway caused by a break in the defendant's reservoir embankment, brought to the Superior Court in New Haven County and tried to the court, *George W. Wheeler, J.;* facts found and judgment rendered for the plaintiff for $4,839 damages, and appeal by the defendant for alleged errors in the rulings of the court. *No error.*

The following facts appeared from the finding: In 1894 the plaintiff's railroad was washed away for a space of a hundred and fifty feet, in consequence of the negligence of the defendant. The necessary repairs cost $3,313.49, and that this would be their reasonable cost could and ought to have been known by the defendant at the time of the injury. Before the repairs were completed, $456.75 was necessarily paid out by the plaintiff for the transportation of passengers and mails around the break in the railroad, but the defendant had no means of ascertaining that such expenses would or did amount to that sum until the filing of the bill of particulars in the action. In this bill these two items of damage were separately stated and particularized. The defendant always denied any liability whatever to the plaintiff. The damages awarded were for these two sums aggregating $3,770.24, together with, and as part of the damage done, a sum for delay since the plaintiff repaired its roadway, equal to the interest upon the cost of the repairs ($3,313.49) from the periods when the plaintiff was put to said cost, and for delay since

the filing of the bill of particulars a sum equal to the interest upon $456.75. Interest was computed at six per cent.

*Edwin B. Gager*, for the appellant (defendant).

*George D. Watrous*, with whom was *Harry G. Day*, for the appellee (plaintiff).

BALDWIN, J. There is no right to interest on a disputed demand, unless by virtue of a contract, expressed or implied, or of a statute. In computing damages, however, in actions of tort, there may in certain cases be allowed a sum equal to what would be interest at the legal rate on the amount of compensation to which the plaintiff is found to be entitled, computed from the date when the loss was suffered. This is done because the defendant ought in justice to have made compensation immediately after occasioning the loss.

There is certainly an obligation to make payment, a breach of which places him in default, whenever he has knowledge or means of knowledge as to what amount is justly and reasonably due. In the case at bar the defendant had, from the first, the means of ascertaining what the repairs of the plaintiff's roadway would cost. He who wrongfully destroys the property of another is bound to make good the loss which he has occasioned, and the sufferer is under no duty to inform him, unasked, precisely what that loss is. If it be the natural consequence of the injurious act, and as in this case its amount could reasonably be ascertained by due inquiry and investigation, then, whatever may be true under other circumstances, the wrong-doer who neglects to ascertain it ought in fairness, if it becomes necessary to sue for compensation, to be made to pay not only what was thus originally due, but also damages for his delay in not paying it without judicial compulsion. *Parrott* v. *Housatonic R. Co.*, 47 Conn. 575; *Regan* v. *New York & N. E. R. Co.*, 60 id. 124, 142; *Hubbard* v. *New York, N. H. & H. R. Co.*, 70 id. 563.

There is nothing in the facts specially found to indicate error in the conclusion of the trial court, that the cost of the

repairs to the plaintiff's roadway was a sum definitely ascertainable at the time of the injury. It was obvious that the bank washed out must be at once replaced, and the track relaid. Any civil engineer or railroad builder could have readily stated the approximate cost, and there is no claim that the precise outlay could not have been learned on inquiry from the plaintiff.

As it is found that the cost of transferring passengers and mails around the break was not a sum definitely ascertainable until stated by the bill of particulars, the defendant was not in default for not paying it previously. For its delay in payment after that date, however, damages in the nature of interest were properly allowed. *New Haven Steam Saw Mill Co.* v. *New Haven,* 72 Conn. 276, 287; *Tilghman* v. *Proctor,* 125 U. S. 136, 160.

The appellee suggests that it is enough to support this judgment if there was a discretionary power to make the allowances in question. One of the defendant's claims of law in the Superior Court, however, which was overruled, seems to present the question squarely as one of right. We think the finding fairly imports that the judgment rests in this respect on a conclusion of law that the plaintiff was, under the circumstances of the case, absolutely entitled to these allowances; and that conclusion we affirm.

There is nothing in the claim that the plaintiff presented an entire demand, and that as part of its outlay was of such a character that its amount could only be ascertained after it might choose to state it, no allowance in the nature of interest could be made for the delay in paying the rest. While the defendant's negligence worked a single injury, this was the cause of certain distinct and separable expenditures, and those of each kind could be properly dealt with by themselves.

There is no error.

In this opinion the other judges concurred.