## JOSEPH H. FISHER *vs.* MERCHANTS INSURANCE CO.

### Androscoggin.    Opinion August 9, 1901.

*Insurance.   Arbitration.   Pleading.   Condition.*

A stipulation in a contract providing for the settlement by arbitration of all controversies and disputes that might subsequently arise between the parties is invalid, because its effect would be to oust the courts of their jurisdiction; but if the arbitration ageeement relates only to the determination of some preliminary matter, such as the amount of damages to be recovered and does not apply to the whole question of liability, such provision, when a reasonable and definite method is provided for. choosing the arbitrators, is valid and enforceable.

A provision of this kind in a contract may make such determination by arbitration a condition precedent to the maintenance of an action upon the contract, or it may be simply a collateral and independent agreement which will not prevent the maintenance of a suit upon the principal contract, but which would be the basis of a separate action in case of its breach. This depends upon the construction of the arbitration provision. When the contract provides that no action upon it shall be maintained until after such an award, then the award is a condition precedent to the right of action.

A policy of fire insurance contained this provision :—"In case of loss under this policy and the failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other and the third to be selected by the two so chosen; the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss; but no person shall be chosen to act as referee, against the objection of either party, who has acted in a like capacity within four months."

The property covered by the insurance policy having been destroyed by fire, the plaintiff and the defendant company selected arbitrators in the manner provided in the arbitration clause above quoted. These arbitrators fixed a time and place for hearing, gave notice to the parties, heard them together with their counsel and witnesses, and made an award in writing, fixing the amount of damage sustained by the insured by reason of the destruction by fire of the property covered in the policy.

In this action upon the policy, the plaintiff sought to recover damages irrespective of the amount awarded by the arbitrators upon the ground that the award was invalid and void by reason of the misconduct of the referees dur-

ing and prior to the hearing before them. The declaration contained no averment to the effect that the alleged failure of the arbitration was through any fault of the defendant.

*Held;* that the determination by arbitration of the amount of loss having been specially made by the parties a condition precedent to any right of action, it was incumbent upon the plaintiff to prove performance or a valid excuse for non-performance. That if the award of the arbitrators was invalid as claimed by the plaintiff, for reasons set out in the declaration, it was the duty of the plaintiff to seek a new determination of the amount of his loss in the manner provided by the contract. That the action can only be maintained to recover the amount determined upon by the arbitrators; or, if their determination and award were invalid, then the plaintiff must allege and prove, either, that the amount of the plaintiff's loss has been determined by other arbitrators chosen in the manner stipulated by the parties, or some sufficient reason why such a determination has become unnecessary or impossible.

On exceptions by defendant.    Sustained.

Action on policy of fire insurance.    The case is stated in the opinion.

*E. Foster and R. W. Crockett,* for plaintiff.

*W. H. White and S. M. Carter,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, SAVAGE, FOGLER, POWERS, PEABODY, JJ.

WISWELL, C. J.    Action upon a policy of fire insurance which contained this provision: "In case of loss under this policy and the failure of the parties to agree as to the amount of loss, it is mutually agreed that the amount of such loss shall be referred to three disinterested men, the company and the insured each choosing one out of three persons to be named by the other, and the third to be selected by the two so chosen; the award in writing by a majority of the referees shall be conclusive and final upon the parties as to the amount of loss or damage, and such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss; but no person shall be chosen or act as referee, against the objection of either party, who has acted in a like capacity within four months."

The property covered by the insurance policy having been

destroyed by fire, the plaintiff and the various insurance companies that had policies covering the risk, including the defendant company, selected arbitrators in the manner provided in the arbitration clause above quoted. These arbitrators fixed a time and a place for a hearing, gave notice to the parties, heard them together with their counsel and witnesses, and made an award in writing fixing the amount of damage sustained by the insured by reason of the destruction by fire of the property covered by the policies.

Subsequently this action was commenced. The original declaration contained no reference to the arbitration clause or to the award of the arbitrators. But before the trial it was amended by the insertion of averments setting out this clause, the fact that arbitrators had been chosen, that they had a hearing and made an award, and that this award was invalid and void by reason of the misconduct of the referees during and prior to the hearing before them, for the reasons specifically set out in the amendment. The declaration as amended contained no averment to the effect that the alleged failure of the arbitration was through any fault upon the part of the defendant.

The plaintiff sought to recover damages irrespective of the amount ascertained and awarded by the arbitrators. The defendant requested the following instruction: "The stipulation for arbitration contained in the policy sued on in this case being a condition precedent to the maintenance of an action thereon, if the jury shall find that the arbitration undertaken by the parties in this case failed without fault or misconduct of the defendant company, it would then be the duty of the assured to take steps to procure a new reference in order to comply with the requirements of said condition, and in absence of proof that the assured did all in his power to secure such complete performance of said condition precedent, this action is not maintainable."

This instruction the presiding justice declined to give, and the case proceeded to the jury upon the issues as to whether the award of the arbitrators was invalid by reason of their alleged misconduct, and if so, as to the amount of damages sustained by the plaintiff. The trial resulted in a verdict for the plaintiff for an amount in

excess of the defendant's proportional part of the amount awarded by the arbitrators.

While it has long been settled in this country and in England that a stipulation in a contract providing for the settlement by arbitration of all controversies and disputes that might subsequently arise between the parties, is invalid because its effect would be to oust the courts of their jurisdiction, it is equally well settled that if the arbitration agreement relates only to the determination of some preliminary matter, such as the amount of damages to be recovered, and does not apply to the whole question of liability, such provision, when a reasonable and definite method is provided for choosing the arbitrators, is valid and enforceable. The leading case wherein this distinction was established is *Scott* v. *Avery*, 5 H. L. Cas. 811. In our own State, in *Stephenson* v. *Piscataqua F. & M. Insurance Company*, 54 Maine, 55, the distinction between a valid and invalid arbitration agreement in a contract is thus stated: "While parties may impose, as a condition precedent to application to the courts, that they shall first have settled the amount to be recovered by an agreed mode, they can not entirely close the access to the courts of law." This doctrine has become so universally recognized by the courts that it is unnecessary to refer to further authorities in its support.

A provision in a contract for the determination by arbitration of such preliminary matters about which there may arise a difference or dispute between the parties, may make such determination a condition precedent to the maintenance of an action upon the contract, or it may be simply a collateral and independent agreement which will not prevent the maintenance of a suit upon the principal contract, but which would be the basis of a separate action in case of its breach. This depends upon the construction of the arbitration provision. The general principle is, as decided in *Roper* v. *Lendon*, 1 El. & El. 825, that such a condition in a contract to refer any question which may arise out of the contract will be, if so stated, a condition precedent to the right to sue on the contract; but unless the condition expressly stipulates that until arbitration had no action shall be brought, its performance is not precedent to

the right to sue on the contract. See also *Hamilton* v. *Home Insurance Company*, 137 U. S. 370. And it is settled beyond controversy that when the contract provides that no action upon it shall be maintained until after such an award, then the award is a condition precedent to the right of action. *Hamilton* v. *Home Insurance Company*, supra; *Hamilton* v. *Liverpool & London & Globe Insurance Company*, 136 U. S. 242; *Hood* v. *Hartshorn*, 100 Mass. 117; *Reed* v. *Washington Fire & Marine Insurance Company*, 138 Mass. 572; *Hutchinson* v. *Liverpool & London & Globe Insurance Company*, 153 Mass. 143; *Smith* v. *California Insurance Company*, 87 Maine, 190. Many other cases to the same effect might be cited.

In the contract here involved the parties have stipulated in the plainest possible terms, that "such reference, unless waived by the parties, shall be a condition precedent to any right of action in law or equity to recover for such loss."

The parties, then, having made a perfectly valid agreement that in case of loss no action upon the policy should be maintained until the amount of the loss had been first determined in the manner provided, the question arises whether an attempted performance of the condition, which has failed without the fault of the defendant, is such a compliance as will satisfy the condition of the contract and allow the plaintiff to maintain this action to recover, not the amount determined upon by the arbitrators, but damages irrespective of their award. We think that it is not, either upon reason or authority.

If the arbitration had failed by reason of the defendant's fault, the result, upon principles of natural justice, would be different. Under such a clause in a policy of insurance it is the duty of the parties to the contract to act in good faith, and if either act in bad faith, so as to defeat the real object of the clause, the other is absolved from compliance therewith and is not bound to enter into a new arbitration agreement. *Uhrig* v. *Williamsburg City Fire Insurance Company*, 101 N. Y. 362; *Bishop v. Agricultural Insurance Company*, 130 N. Y. 488.

But, that is not this case as presented by the exceptions. Here,

there is no allegation that the arbitration failed by reason of the defendant's fault, nor any averment that the performance of the condition was impossible. And the request for an instruction, to the effect, that the action could not be maintained until performance of the condition precedent, was based upon the contingency that the jury find "that the arbitration undertaken by the parties in this case failed without fault or misconduct of the defendant company."

A determination by arbitration of the amount of loss having been especially made by the parties a condition precedent to any right of action for recovery of damages for the loss, it was incumbent upon the plaintiff to prove performance or a valid excuse for non-performance. An ineffectual attempt to perform is not a compliance with such a condition in a contract, when no reason is shown why there should not have been full performance. If the award of the arbitrators was invalid, as claimed by the plaintiff, for the reasons set out in the amended declaration, it was the duty of the plaintiff to seek a new determination of the amount of his loss in the manner provided by the contract. The action in such a case is upon the policy, but the damages recoverable are such as have been previously ascertained and determined by the arbitrators, unless the plaintiff shows some sufficient reason why such a determination could not have been obtained. Consequently, there can be no action until performance of the condition or excuse shown for non-performance. And it is not sufficient to show an award which the plaintiff repudiates and is not willing to be bound by.

This result, which seems to be the only logical one possible, is in accordance with the authorities. The precise question was decided in *Levine* v. *Lancaster Insurance Company*, 66 Minn. 138, wherein it is said by the court: "The law also undoubtedly is, that under such a provision, if an award be set aside for misconduct of the arbitrators, not participated in or caused by the insurer, the agreement for an appraisement still remains in force, and a new appraisement, unless it had become impossible, would still be a condition precedent to a right of action on the policy, unless waived.

The same question was decided in the recent case of *Westen-haver* v. *German-American Insurance Company*, (Iowa), 84 N. W. 717, in which it was said: "Ascertainment of the amount of loss by appraisement was a condition precedent to a right of action, and, if the appraisers selected failed to agree upon a third, this does not in itself justify a suit for the amount of the loss. In the absence of bad faith or acts intended to defeat arbitration on the part of the insurer, the plaintiff must propose the selection of other arbitrators, to the end that an award may be agreed upon and the basis for action determined." To the same effect are *Carroll* v. *Girard Fire Insurance Company*, 72 Cal. 297 ; *Hood* v. *Hartshorn*, 100 Mass. 117 ; *Thorndike* v. *Wells Memorial Association*, 146 Mass. 619; *Davenport* v. *Long Island Insurance Company*, 10 Daly, 535.

The requested instruction should consequently have been given. The action can only be maintained to recover the amount determined upon by the arbitrators, or, if their determination and award were invalid, then the plaintiff must allege and prove, either, that the amount of the plaintiff's loss has been determined by other arbitrators chosen in the manner stipulated by the parties, or some sufficient reason why such a determination has become unnecessary or impossible. This result makes it unnecessary to consider the defendant's motion for a new trial.

*Exceptions sustained.*