J. G. SIEGLE & SON, Respondents, v. PHOENIX INSURANCE COMPANY OF BROOKLYN, Appellant.

Kansas City Court of Appeals, April 25, 1904.

1. **INSURANCE: Proof of Loss: Denial of Liability: Evidence.** Where there is denial of all liability proofs of loss are not required and the evidence in this case shows such denial.

2. **———: Valued Policy: Statutory Construction: Instruction.** Section 7969, Revised Statutes 1899, requiring insurance not to exceed three-fourths of the value of the property insured has the practical effect to make the policy a valued one; and the action of the court in giving and refusing instructions is approved.

3. **TRIAL PRACTICE: Evidence: Rebuttal: Prejudice.** In order to constitute an error in the untimely admission of evidence, as the admission in rebuttal of evidence in chief, it must operate to the prejudice of the appellant.

4. **INSURANCE: Statutory Construction: Overlooking Statute.** In the case of Mills v. Insurance Company, 95 Mo. App. 211, section 7969 of the Statutes was overlooked and that case is no longer authority.

Appeal from Ray Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*Fyke Bros., Snider & Richardson* for appellant.

(1) The evidence of these witnesses was not admissible in rebuttal; it should have been offered by respondents in chief. Chrystal v. Craig, 80 Mo. 367. (2) The court erred in giving instruction 3 on the part of respondents. If the total insurance exceeded three-fourths the actual cash value of the property respond-

ents were not entitled to recover. Hence the court erred in refusing to give defendant's instruction 7. Dolan v. Ins. Co., 88 Mo. App. 666.

*Conkling & Rea* and *S. J. Jones* for respondents.

(1) It is a well-settled principle of practice that the order in which testimony shall be introduced in the trial of a cause is almost entirely within the discretion of the trial court, and even if not strictly in rebuttal such an error would not ordinarily justify a reversal, unless it should appear that that discretion had been abused. Ferry v. Railway, 162 Mo. 75; Weller v. Railway, 164 Mo. 180; Burns v. Whelan, 52 Mo. 520; McFarland v. Association, 124 Mo. 204. (2) The court did not err in giving instruction 3 on the part of respondents. Neither did the court err in refusing to give defendant's instruction 7. The respondents were entitled to recover, even if the total insurance exceeded three-fourths of the actual cash value of the property. R. S. 1899, secs. 7969, 7970 and 7979; Baker v. Ins. Co., 57 Mo. App. 559; Gibson v. Ins. Co., 82 Mo. App. 515.

BROADDUS, J.—Plaintiffs' action is upon a policy of fire insurance issued by defendant to plaintiffs on the fifteenth day of January, 1902, insuring them against loss by fire for a period of one year upon their stock of lumber at Hale, Missouri, in the sum of $1,500. There was also other insurance on the stock and lumber sheds aggregating ten thousand dollars. On February 22, next after the date of the policy, a fire occurred which destroyed the entire property covered by all the aggregate insurance. A short time after the fire, defendant's adjuster, Milton Welch, went to Hale to investigate the loss, and where he found that all of plaintiffs' books and inventories kept prior to the first day of December, 1901, had been destroyed by fire; but there was an inventory of that date which defendant claimed

plaintiffs had nothing by which it could be verified and nothing by which to show purchases prior or subsequent thereto.    The defendant requested plaintiffs to furnish from wholesale dealers or other lumber merchants from whom they had purchased lumber for the previous fifteen months duplicate invoices of lumber sold to them. Plaintiffs, in pursuance of this request, procured a large part of such invoices at some expense and trouble and sent them to the said adjuster. It does not appear that the adjuster made any objections to said invoices or required any additional information in that respect.

The policy contained a requirement that proof of loss should be furnished defendant sixty days after the fire.  The plaintiffs failed to furnish such proof within the time stipulated, but they claim that this provision of the policy in that respect was waived by the defendant's denying all liability thereunder.    The evidence as to that was as follows:  The adjuster said to a third party in the presence of one of the plaintiffs: ''Here is a man I have got a loss with and it will be a damned long time before he gets a cent.''   This seems to us in effect a denial of liability; and, as such, a waiver of proof of loss.  Vining v. Ins. Co., 89 Mo. App. 311.

The defendant contends that instruction number three given for plaintiffs was erroneous.  It is as follows:

''If the jury find for plaintiffs, their verdict will be for the amount of the policy sued on, to-wit: fifteen hundred dollars with interest thereon as above directed, provided they find that the total amount of insurance on all of the property destroyed by fire does not exceed three-fourths of the actual cash value thereof at the time of the loss.

''If you find that the total amount of insurance on all of the property does exceed three-fourths of the actual cash value thereof, at the time of the fire, your verdict will be reduced by such part of such excess insurance as fifteen hundred dollars, the amount of the

policy, is to ten thousand dollars, the total amount of the insurance, which proportion is three-twentieths.''

And defendant maintains that consequently the court erred also in refusing to give instruction number seven asked by it and which is as follows:

"The court instructs the jury that it is admitted that the total insurance on said property was ten thousand dollars. You are instructed that if said amount exceeded three-fourths of the actual cash market value of the property insured at the time of the fire, plaintiffs are not entitled to recover.''

The difference is that plaintiffs' instruction limits their right of recovery to the amount of the policy, less depreciation at the time of the fire; while that of defendant precluded recovery if the amount of insurance was in excess of three-fourths of the cash value of the property at the time of the fire. In other words, the defendant's contention is that a depreciation of the property after the time of insurance avoids the policy. This can not be the law. To so hold would destroy the business of insuring personal property because of the liability of depreciation. The defendant has cited as upholding its view the case of Dolan v. Ins. Co., 88 Mo. App. 1. c. 674, but that case does not support its contention. It does hold that the insured, in disregard of the terms of the policy, had no right to take insurance beyond the point of three-fourths of the value and still recover, though only in a proportionate amount. Section 7969, Revised Statutes 1899, regulates the matter. It provides: "No company shall take a risk on any property in this State at a greater ratio than three-fourths of the value of the property insured, and when taken its value shall not be questioned in any proceeding.''

This court in passing upon the statute in question used the following language: "We interpret the statute to enjoin upon the insurance company not to take a risk at more than three-fourths of the value of the property insured, but that when the value is fixed and the

risk taken on a given amount that sum can not be questioned afterwards, though it should in fact be more than three-fourths of the value. So that the practical effect. of the statute is to make a valued policy.'' Gibson v. Ins. Co., 82 Mo. 1. c. 521. The court might well have said to the jury in this case that the value of the property insured was the amount recited in the policy. There was no error either in the giving of plaintiffs' instruction or in the refusal of the one offered by defendant.

On the issue as to the value of the property at the time of the fire, the plaintiffs in the regular order introduced their evidence and rested; then defendant introduced its evidence on that issue and rested; whereupon, plaintiffs were allowed to introduce further evidence upon the same issue, it is claimed, not in the nature of rebuttal, to which defendant excepted. Such practice was strongly condemned in Christal v. Craig, 80 Mo. 367. It is there said: ''Trial courts have a discretion in admitting evidence out of the regular order and even after the case is announced closed on both sides. But this is not an arbitrary discretion. It is essentially judicial, not to be exercised except in furtherance of justice, as where the party satisfies the court that the omission to introduce the evidence in its proper place and time is the result of mistake or oversight, and then to be admitted only where it will not work surprise and injustice to the opposite party.''

On that issue defendant introduced a witness named DeLaney, who was also in the lumber business at Hale, and who stated that the value of plaintiffs' stock at the time of the fire was $2,000 or $2,500. He was then asked by defendant's counsel how he arrived at that estimate of it. His answer was: ''The only way I could arrive at that would be by my own stock. I invoice once a year and keep the inventory and by that I judge the other stock.'' He stated that he knew it in comparison with his own. He then proceeded to compare the two

stocks of lumber. The plaintiffs called four witnesses to rebut the evidence of DeLaney as to the comparative value of the two stocks, and then called several others who testified generally as to value. The court in admitting the evidence of the last-named witnesses stated: "It is not clear in my mind whether it is subject to rebuttal or not, but I have indicated there must be some limit on this testimony as to value." The defendant made no complaint as to surprise or that it was in anyway injured by the introduction of such evidence.

In Weller v. Railway, 164 Mo. 180, the court in reference to the question said: "No principle of practice is better settled than that the order in which testimony shall be introduced in the trial of a cause is almost entirely within the discretion of the court, and even if not strictly in rebuttal, such an error would not ordinarily justify a reversal of the judgment upon that ground, and certainly it should not do so in this instance because not prejudicial." We take it, therefore, that it is the settled law of this State that in order to constitute error in the untimely admission of evidence it must operate to the prejudice of the complaining party.

Other objections were made to the admission of evidence which we think were not well founded.

Our attention has been called to the case of Millis v. Ins. Co., 95 Mo. App. 211, in which this court held differently from that in Gibson v. Ins. Co., supra. In the former, the court overlooked section 7969, Revised Statutes 1899, containing the valued-policy clause, for which reason it is to be no longer considered as authority.

Finding no error, the cause is affirmed. All concur.