## TOBIAS BERNHARD vs. THE ROCHESTER GERMAN INSURANCE COMPANY.

Third Judicial District, Bridgeport, October Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and SHUMWAY, Js.

The distinction between a waiver implied from conduct, and an estoppel *in pais*, oftentimes becomes so shadowy that in the law of insurance the two terms have come to be quite commonly used interchangeably.

It is not necessary to plead an estoppel *in pais*.

Notwithstanding a policy of fire insurance provides that no officer, agent, or other representative of the company shall have the power to waive any requirement or condition of the policy, unless it be done in writing, the company may still be estopped from taking advantage of such provision to defeat a just claim, if the insured has been deceived and misled, as to the necessity of filing technical proofs of loss, by the statements of the general agent of the company who was charged by it with the duty of visiting the insured and adjusting the loss.

Under a policy of fire insurance which requires the amount of the loss, in case of a disagreement, to be settled by arbitration, it

is the duty of each party to act in good faith and make a fair effort to secure an adjustment in that way; but if the insurance company, while arbitration proceedings are pending, refuses to co-operate further with the insured in that direction, and repudiates all liability on its part, it thereupon ceases to act in good faith, and its conduct justifies the insured in bringing a suit to recover his loss.

The arbitrary rule that interest upon unliquidated demands will not be allowed as damages, has never been adopted for general application by this court.

Whether interest should be treated as a proper element of damage, is to be determined in view of the demands of justice rather than through the application of any arbitrary rule.

In awarding damages to the insured for a loss by fire, interest may be allowed from the date when the insurance company wrongfully repudiated its liability and put an end to the pending process of adjustment prescribed by the policy.

Argued October 26th—decided December 18th, 1906.

ACTION to recover a fire insurance loss, brought to the Superior Court in Fairfield County where a demurrer to the amended complaint was overruled (*Thayer, J.*) and the cause was afterward tried to the court, *Roraback, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Stiles Judson,* for the appellant (defendant).

*Nichols C. Downs,* for the appellee (plaintiff).

PRENTICE, J. The defendant issued its policies to the plaintiff upon his dwelling-house and its contents. A fire occurred. The insured is now seeking to recover upon the policies on account of the loss thereby occasioned. The facts found disclose (1) that the required proofs of loss were not furnished to the defendant within the time prescribed therefor, and (2) that no award has been made by the appraisers to whom the ascertainment of the amounts of loss had, prior to the suit, been submitted. The defendant contends that each of these facts is sufficient to preclude the plaintiff's recovery.

In answer to the objection that proofs of loss were not

seasonably furnished, the plaintiff says that the defendant waived compliance with the conditions contained in the policies in respect to the presentation of such proofs, and is now estopped from taking advantage of any failure in that regard. As bearing upon this subject, the facts found are : that the plaintiff, upon the morning following the fire, orally notified the defendant's local agent, who immediately, and upon the plaintiff's request, notified the company's home office by telegram ; that shortly thereafter a general agent of the defendant named Eastman visited the plaintiff and the burned premises, advising the plaintiff that he, Eastman, had been sent to adjust the loss ; that at said interview Eastman—after making a careful examination of the premises, and being informed by the plaintiff that he was the sole owner of the property free of incumbrances, how it was occupied before the fire, and as to his knowledge as to the time and origin of the fire—requested the plaintiff to make a detailed statement of his loss and damage on account of the personal property ; that the plaintiff, pursuant to such request, prepared a full and complete written statement of the articles damaged, including therein their cost and the amount of damage claimed, and the same was within a week after the fire presented by him to Eastman ; that after the latter's examination thereof the plaintiff inquired of him if there were any other papers or writings to be made or signed by him, to which inquiries Eastman replied : " No, this is sufficient ; this is all I want ; there are no other papers for you to make out ; I will attend to all the rest " ; that thereafter matters relating to the adjustment of the loss proceeded, and the parties, the company acting through Eastman, joined in submissions to appraisers and an umpire for the ascertainment of the loss as provided in the policies ; that the plaintiff was by these statements and this conduct of Eastman induced to believe and did believe that no further proofs of loss would be required of him, and that his loss, when ascertained, would be paid without further action on his part, and that the first intimation he had to the contrary was on

Bernhard v. Rochester German Ins. Co.

or about July 1st, 1901, some six months after the fire, when Eastman angrily told him that he would never get a cent.

The court was clearly justified, upon these facts, in finding a waiver of the conditions of the policy requiring the presentation by the insured within sixty days after the fire of the prescribed proofs of loss as a condition precedent to the right of recovery, if Eastman's action was binding upon his principal. In his relations with the plaintiff, who had no notice of any limitation upon his apparent authority other than those contained in the policies, Eastman, as the ostensible general agent of the defendant and its representative delegated to adjust the plaintiff's loss, stood in its place as to all the matters involved in the adjustment, and had full power to waive any of the conditions of the policies relating thereto, save as provisions in the policies may have imposed some restraint upon him. The only provision in the present policies which is or can be relied upon as making ineffectual, as against the defendant, any words or acts of Eastman which would otherwise accomplish a waiver, is that which states that "no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto, and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto."

This branch of the case is thus made to resolve itself into a question as to the efficacy of this provision as a shield to the defendant as against the natural consequences of the recited conduct of Eastman.

The books are filled with cases which have dealt with this subject. In not a few it has been held that the limitations contained in the recited paragraph are applicable to those conditions of a policy alone which enter into the contract defining the risk assumed, and are not applicable to

those which are inserted for the assured's information and guidance in the adjustment of a loss after one has occurred and the liability of the insurer has in a sense become fixed. *Royal Ins. Co.* v. *Martin*, 192 U. S. 149, 24 Sup. Ct. Rep. 247 ; *O'Brien* v. *Ohio Ins. Co.*, 52 Mich. 131, 17 N. W. 726 ; *German Fire Ins. Co.* v. *Gueck*, 130 Ill. 345, 23 N. E. 112 ; *Lebanon Mut. Ins. Co.* v. *Erb*, 112 Pa. St. 149, 4 Atl. 8 ; *Campbell* v. *American Fire Ins. Co.*, 73 Wis. 100, 40 N. W. 661 ; *Boyd* v. *Cedar Rapids Ins. Co.*, 70 Ia. 325, 30 N. W. 585 ; *Germania Fire Ins. Co.* v. *Pitcher*, 160 Ind. 392, 64 N. E. 921, 66 N. E. 1003 ; *Siegle* v. *Phoenix Ins. Co.*, 107 Mo. App. 456, 81 S. W. 637. Color is lent to this position by the provisions of the present standard policies expressly authorizing the company's representative to extend the time for the submission of proofs of loss, by any writing and regardless of whether or not that writing be endorsed upon or attached to the policies. Here is thus to be found not only a failure to rely upon the general provision under discussion, but also a departure therefrom.

With respect to conditions which were conceded to be pertinent to the defense interposed, a great variety in the method of treatment is presented in the numerous cases, and a great variety of doctrines might be held to be countenanced in them. Some recognize a distinction between those conditions as to which the power of waiver is in terms denied to the company's officer, agent, or representative concerned, and those as to which the power of waiver is permitted to the representative but he is restricted as to the manner in which he may exercise the power : as that any waiver to be effectual must be made in writing and endorsed upon or attached to the policy. Some, in giving effect to a waiver which the terms of a policy exclude, attach importance to the quality or rank of the agent or representative whose acts are involved. Some rest the effectiveness of such a waiver upon an estoppel brought home to the company itself ; others to one arising directly from the conduct of some proper agent or representative ; while not a few seem to give effect to a waiver pure and simple. Con-

cerning the latter class of cases it should be observed, that while waivers and estoppels are theoretically very different things, and the distinction between them is one easy to preserve when express waivers are under consideration, it is nevertheless true that the dividing line between waivers implied from conduct and estoppels oftentimes becomes so shadowy that in the law of insurance the two terms have come to be quite commonly used interchangeably. When the term waiver is so used, however, the elements of an estoppel almost invariably appear, and it is quite apparent that it is employed to designate, not a pure waiver but one which has come into an existence of effectiveness through the application of the principles underlying estoppels. With this fact in mind, the apparent difference between certain of the cases becomes one of terms rather than of fundamental principle. The very few cases of which this is not true, and in which the power of waiver expressly withheld by the terms of the contract appears to be accorded to agents and representatives without the intervention of an estoppel, may well, we think, be dismissed from consideration, as standing upon an unstable foundation.

For present purposes there is no occasion for further examining the long line of cases referred to, for the purpose of discovering what principles of special application, appropriate to situations more or less similar to that before us, are deducible therefrom, and of determining what of them meet with our approbation, since the facts of the present case reveal such a situation and bring that situation so directly home to the defendant itself, that the elemental principles of estoppel, simply applied, suffice, without reference to any other special considerations, to compel the conclusion that Eastman's waiver of the presentation by the plaintiff of the prescribed proofs of loss, although evidenced by no writing, was one which his principal should not now be permitted to disclaim. Eastman was sent out to the world and to the plaintiff as endowed with those comprehensive powers which attach to a general agent, and to him was delegated the duty of representing the defendant

in the adjustment of the plaintiff's loss. His knowledge, in the absence of any provision in the policies to the contrary, became the knowledge of his principal. *McGurk* v. *Metropolitan Life Ins. Co.*, 56 Conn. 528, 539, 16 Atl. 263; *Ward* v. *Metropolitan Life Ins. Co.*, 66 Conn. 227, 241, 33 Atl. 902; *The Distilled Spirits*, 11 Wall. (U. S.) 356. The defendant is therefore to have imputed to it knowledge of the statements and conduct of Eastman. It, therefore, in the eye of the law, knew of his representations to the plaintiff that further proofs and papers would not be required, knew that these representations had never been withdrawn or modified, knew that nothing had been said or done to correct the natural impression to be derived from such representations—that the loss under the policies would be adjusted and paid without further proofs being presented, and that no forfeiture would be declared for a technical failure in that regard—knew, as it was bound to know, that such conduct on his part was well calculated to lull the plaintiff into a false security and to induce him to refrain from doing that which by the letter of his contracts was required of him for the protection of his interests, and knew as time passed that the prescribed proofs were not forthcoming. Notwithstanding this knowledge it remained silent and took no action, and caused none to be taken, to disabuse the plaintiff's mind of any false impression which he might have received. In the presence of such knowledge and such conduct on the defendant's part, to now permit it to disavow all responsibility for Eastman's words and acts and thereby gain the advantage which might reasonably have been expected to flow from them, would be to suffer it to make use of an agency relation to work a fraud such as the law is solicitous to prevent. *Roe* v. *Jerome*, 18 Conn. 138, 153; *Main* v. *Brown*, 56 id. 345, 349, 15 Atl. 743; *Norwalk Gaslight Co.* v. *Norwalk*, 63 Conn. 495, 521, 28 Atl. 32; *Insurance Co.* v. *Eggleston*, 96 U. S. 572; *Butterworth* v. *Western Assurance Co.*, 132 Mass. 489; Bigelow on Estoppel, 600.

The fact that the plaintiff pleaded in terms a waiver and

not an estoppel is of no consequence. An estoppel *in pais* need not be pleaded. *Hawley* v. *Middlebrook*, 28 Conn. 527, 536 ; *Plumb* v. *Curtis*, 66 id. 154, 173, 33 Atl. 998.

The defendant's second objection to the plaintiff's recovery rests upon those provisions of the policies which require a submission for the ascertainment of the amount of loss in the event of the disagreement of the parties, make the loss not payable until sixty days after an award, where an appraisal shall be required, and forbid suit on the policies until after compliance by the assured with all the requirements thereof. In the present case the parties disagreed as to the amount of the loss and joined in a submission pursuant to the policy provisions. No award was ever made. This result was due to disagreements between the appraisers, without fault, however, on their part, and was not due to any fault on the part of either party to the submission.

All the authorities agree that notwithstanding such stipulations in a policy, an award, where a submission is required, is not a necessary prerequisite to the maintenance of an action. The duty of the parties is to act in good faith and make a fair effort to carry out the provisions and accomplish their object. Failure on the plaintiff's part to perform this duty will bar an action : a like failure on the defendant's part will absolve the assured from compliance and justify suit without an award. So far the authorities are, we believe, agreed. *Uhrig* v. *Williamsburgh City Fire Ins. Co.*, 101 N. Y. 362, 4 N. E. 745 ; *Bishop* v. *Agricultural Ins. Co.*, 130 N. Y. 488, 495, 29 N. E. 844 ; *Hood* v. *Hartshorn*, 100 Mass. 117, 121 ; *Connecticut Fire Ins. Co.* v. *Cohen*, 97 Md. 294, 303, 55 Atl. 675 ; *Fisher* v. *Merchants Ins. Co.*, 95 Me. 486, 490, 50 Atl. 282 ; *Chapman* v. *Rockford Ins.* Co., 89 Wis. 572, 62 N. W. 422 ; *Brock* v. *Dwelling House Ins. Co.*, 102 Mich. 583, 593, 61 N. W. 67 ; *McCullough* v. *Phoenix Ins. Co.*, 113 Mo. 606, 618, 21 S. W. 207 ; *Adams* v. *South British and N. F. & M. Ins. Cos.*, 70 Cal. 198, 11 Pac. 627.

Where the absence of an award is due to the fault of

neither party, the cases are not in full accord as to the rights of an assured.   Decisions can be found which hold that in such a situation no action can be maintained.   *Carroll* v. *Girard Fire Ins. Co.*, 72 Cal. 297, 299, 13 Pac. 863. This unsatisfactory position has, however, been very generally repudiated, and it has been held either that upon the failure of the arbitrators to return an award the assured need go no further and may sue, or that the right to sue arises only upon his failure to secure an award after he has taken all reasonable and proper steps to accomplish that result, whether through an original submission or another or others.   The reason underlying these cases is the reasonable one, that a claimant under a policy ought not to be tied up forever without his fault and against his will by an ineffectual arbitration.   The only difference between the two positions assumed in them is one merely as to what shall be deemed a fair effort to secure the award. *Uhrig* v. *Williamsburgh City Fire Ins. Co.*, 101 N. Y. 362, 4 N. E. 745 ; *United States* v. *Robeson*, 9 Pet. (U. S.) 319, 326 ; *Phippen* v. *Stickney*, 3 Met. (Mass.) 384, 390 ; *Fisher* v. *Merchants Ins. Co.*, 95 Me. 486, 50 Atl. 282 ; *Westenhaver* v. *German American Ins. Co.*, 113 Ia. 726, 84 N. W. 717 ; *Vernon I. & T. Co.* v. *Maitlen*, 158 Ind. 393, 399, 63 N. E. 755 ; *Connecticut Fire Ins. Co.* v. *Cohen*, 97 Md. 294, 303, 55 Atl. 675 ; *Pretzfelder* v. *Merchants Ins. Co.*, 123 N. Car. 164, 166, 31 S. E. 470.

The plaintiff's conduct satisfies the most exacting of these requirements, since the record discloses that he was in correspondence with the defendant, suggesting either means of breaking the deadlock between the appraisers and bringing about an award, or a compromise agreement, down to within a few days of the time when its repudiation of liability put an end to any further duty on his part in that regard.   The defendant, by its refusal to recognize any obligation, at once came under the condemnation of the law for not acting in good faith in carrying out the provisions of the policy to secure an adjustment, and justified a suit against it.   By the same act the plaintiff was also ex-

cused from proceeding to do a vain thing. *Royal Ins. Co.*
v. *Martin*, 192 U. S. 149, 24 Sup. Ct. Rep. 247 ; *O'Brien* v.
*Ohio Ins. Co.*, 52 Mich. 131, 17 N. W. 726 ; *Lebanon Mutual Ins. Co.* v. *Erb*, 112 Pa. St. 149, 4 Atl. 8 ; *Campbell*
v. *American Fire Ins. Co.*, 73 Wis. 100, 40 N. W. 661 ;
*German Fire Ins. Co.* v. *Gueck*, 130 Ill. 345, 23 N. E. 112 ;
*Boyd* v. *Cedar Rapids Ins. Co.*, 70 Ia. 325, 30 N. W. 585 ;
*Siegle* v. *Phoenix Ins Co.*, 107 Mo. App. 456, 81 S. W. 637 ;
*Niagara Ins. Co.* v. *Lee*, 73 Tex. 641, 11 S. W. 1024.

In rendering judgment the court included interest from
July 1st, 1901, being the date of the defendant's repudiation of liability, upon the amount of the loss upon the personal property, but none upon the amount of the building
loss.   The defendant complains of the inclusion of this interest.   The court made its distinction between the two
losses, upon the ground that the latter loss was not definitely
ascertainable until it was determined by the judgment of
the court, while there was no serious controversy between
the parties as to the amount of the former.

There was no error in the action of the court; neither
would there have been had interest upon the other loss been
included.   By the inclusion of interest upon the amounts
which the policies obligated the defendant to pay, from the
time when it refused recognition of any liability and put
an end to the prescribed processes of adjustment, and by
such inclusion only, could the court compensate the plaintiff for what he had suffered by reason of the delay resulting from the defendant's wrongful act.   " Interest by our
law is allowed on the ground of some contract express or
implied to pay it, or as damage for the breach of some contract, or the violation of some duty." *Selleck* v. *French*,
1 Conn. 32, 33.   This court has never adopted for general
application the arbitrary rule that interest upon unliquidated demands will not be allowed as damages.   On the
contrary, we have long and repeatedly held that in certain
classes of cases such an element of damage was one to be
properly taken into account.   *White* v. *Webb*, 15 Conn. 302,
305 ; *Clark* v. *Whitaker*, 19 id. 319 ; *Cook* v. *Loomis*, 26 id.

483; *Oviatt* v. *Pond,* 29 id. 479, 485; *Clark* v. *Clark,* 46 id. 586, 590; *Union Hardware Co.* v. *Plume & Atwood Mfg. Co.,* 58 id. 219, 222, 20 Atl. 455; *Regan* v. *New York & N. E. R. Co.,* 60 Conn. 124, 142, 22 Atl. 503; *Healy* v. *Fallon,* 69 Conn. 228, 235, 37 Atl. 495; *New York, N. H. & H. R. Co.* v. *Ansonia L. & W. P. Co.,* 72 Conn. 703, 705, 46 Atl. 157.

The purpose sought in awarding damages other than vindictive is to make a fair compensation to one who has suffered an injury. *Barker* v. *Lewis Storage & Transfer Co.,* 78 Conn. 198, 200, 61 Atl. 363. Courts are more and more coming to recognize that a rule forbidding an allowance for interest upon unliquidated damages is one well calculated to defeat that purpose in many cases, and that no right reason exists for drawing an arbitrary distinction between liquidated and unliquidated damages. 1 Sedg. on Damages (8th Ed.), §§ 299, 300, 312, 315. There are actions to which the suggested rule is applicable. *Regan* v. *New York & N. E. R. Co.,* 60 Conn. 124, 142, 22 Atl. 503. Others, however, present conditions where, without an allowance for interest, although the demand may be unliquidated, fair compensation for the injury done would not be accorded and justice would thus be denied. The determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than through the application of any arbitrary rule. *New York, N. H. & H. R. Co.* v. *Ansonia L. & W. P. Co.,* 72 Conn. 703, 705, 46 Atl. 157.

There is no error.

In this opinion the other judges concurred.