## CLARA BULL BALDWIN
### *vs.*
## ST. PAUL FIRE AND MARINE INSURANCE CO.

Superior Court          Fairfield County          File No. 60514

MEMORANDUM FILED DECEMBER 9, 1941.

*Marsh, Stoddard & Day,* of Bridgeport, for the Plaintiff.

*Buckley, Creedon & Danaher,* of Hartford, for the Defendant.

INGLIS, J.   In the fall of 1939 the plaintiff started the construction of a dwelling house located on Greenly Road, New Canaan, the value of which when completed was estimated to be $36,000. One Stephen Amann, an insurance broker acting as the representative of the plaintiff, undertook to procure insurance on that dwelling house. He took the matter up with G. P. Bartenfeld, Inc., agents representing

the defendant company, and at first ordered a policy for the face of $36,000, which policy was to be a fire policy with extended coverage including builders' risk on the dwelling in process of construction. A binder on this policy was issued November 8th.

When the policy was delivered to Mr. Amann it showed that a rate of 55 cents per hundred for fire and $41\frac{1}{4}$ cents per hundred for extended coverage was being charged. This premium seemed to Mr. Amann to be too high, and accordingly he had several conferences with Mr. Benson, representing G. P. Bartenfeld, Inc.

As a result of these conferences it was finally suggested by Mr. Benson and agreed to by Mr. Amann that material savings would be accomplished by taking a policy for $10,000 and then increasing that amount of insurance from time to time as the work progressed and the building became more valuable. Accordingly, the original policy was cancelled, and on December 27, 1939, a new policy dated back to November 8th was agreed to be issued for $10,000. This new policy was a fire policy with extended coverage including builders' risk insurance on a building in process of construction with permission to complete. The premium charged was 55 cents per hundred for the fire insurance and six cents per hundred for the extended coverage.

At that time it was understood between Mr. Amann and Mr. Benson that as the building progressed the amount of the policy should be increased. It was the purpose of both parties to provide adequate coverage for the building at all times, but there was no understanding or agreement that it was incumbent upon the defendant or its agents to keep watch of the progress of the building and add insurance automatically. On the contrary, it was understood and agreed that Mr. Amann should order such added insurance from time to time as was required to adequately cover the property.

Pursuant to this understanding, about the first of February, 1940, Mr. Amann ascertained that the work had progressed to such an extent that there should be $5,000 more coverage, and on February 2, 1940, he ordered that additional insurance. Mr. Benson issued the binder and later a rider was put on the policy increasing the face amount thereof to $15,000.

On March 2, 1940, Mr. Amann wrote Marcello Mazzullo, Inc., the contractor building the dwelling house, inquiring as to the then complete value of the residence. On March 6th, Marcello Mazzullo, Inc., replied that the then value was $25,000. This letter arrived at Mr. Amann's office on March 7th. On the night of March 6th, the house had burned, causing a loss of $22,555.15. On July 18, 1940, proof of that loss, as required by the policy, was furnished to the defendant. The defendant, however, has refused to pay the loss except that on November 12, 1941, the day upon which the trial of this case was started, the defendant filed an offer of judgment in the sum of $15,000.

On the foregoing facts as found proved the defendant was the insurer of the property only to the extent of $15,000. There was no understanding nor agreement that the defendant should insure the property for any amount in excess of the face of the policy until such time as additional insurance should be ordered by the plaintiff or her agent. There is, therefore, no basis upon which the policy may be reformed or upon which the defendant may be held for any insurance over and above $15,000.

The policy called for the payment by the defendant of the loss sustained under the policy within 60 days after due notice, ascertainment, estimate and satisfactory proof of the loss had been received by the company. The defendant was, therefore, obligated to pay the plaintiff the sum of $15,000 on or before September 16, 1940. Its failure or refusal to make payment or tender payment by that date constituted an unlawful withholding of the money which was then due the plaintiff, and accordingly, in order to fully compensate the plaintiff for her loss, she is entitled not only to the $15,000 but also to interest on that sum from September 16, 1940. *Bernhard vs. Rochester German Ins. Co.,* 79 Conn. 388, 397.

That being the case, the offer of judgment made on November 12, 1941, was for a sum less than the amount then due, and under the statutes relating to offers of judgment, sections 5630, 5631 and 5632 of the General Statutes, Revision of 1930, such offer of judgment does not prevent the taxation of costs against the defendant.

Judgment may enter for the plaintiff to recover of the defendant the sum of $16,106.25 and her taxable costs.