## COMMONWEALTH *vs.* PETER HAGAN.

Plymouth.   October 20. — 24, 1885.   FIELD & C. ALLEN, JJ., absent.

A person, licensed as an innholder, and to sell intoxicating liquors to be drunk on the premises, may be convicted of keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, if he sells and delivers such liquors to persons on the Lord's day, although, before supplying such persons with liquors, he requires them to eat a cold lunch placed on a table at which the liquors are served.

INDICTMENT for keeping and maintaining a common nuisance, to wit, a certain tenement in Bridgewater, used for the illegal sale and illegal keeping of intoxicating liquors, on March 1, 1884, and on divers other days and times between that day and October 29, 1884. Trial in the Superior Court, before *Aldrich,* J., who allowed a bill of exceptions, in substance as follows:

It appeared in evidence, that the defendant was duly licensed by the selectmen of Bridgewater as an innholder, and also had licenses of the first and fourth classes, under the Pub. Sts. *c.* 100, to sell intoxicating liquors, for and during the whole time covered by the indictment.

There was evidence tending to show sales of liquor by the defendant upon the premises on the Lord's day, and also sales to minors, but not by the defendant in person. The defendant, who was called as a witness, denied the fact of such sales ; and other testimony was introduced by him, tending to show that the sales testified to by the witnesses for the government were not made.

On cross-examination, the defendant testified that he never sold liquor to any person on Sunday, unless he became a guest of the house ; that he kept a table spread in his dining-room with eatables, such as lamb's tongues, dried beef, salt fish, crackers and cheese, and other things, and, if people came there from a distance on the Lord's day, he would not permit them to have liquor of any kind until they had first eaten, and then he would supply them with liquor at the table; that nobody had ever got any liquor there on the Lord's day, unless he first got food.

Upon this evidence, the government contended that sales were made by the defendant in violation of the second and fourth conditions of his license (Pub. Sts. *c.* 100, § 9, *cl.* 2, 4).

The defendant asked the judge to instruct the jury as follows: " 1. If the jury find that the defendant, upon an application for liquor on Sunday by any person, first compels such person to apply for a meal, or a lunch, and to have such meal or lunch before any liquor is furnished him, then such person becomes a guest of the house, and the furnishing of such liquor, under such circumstances, is no violation of the conditions of his license, or of the law. 2. If the party resorting to the defendant's inn intended only to procure liquor, but was compelled by the defendant, as a condition precedent to obtaining liquor, to first obtain from the defendant a meal, or lunch, or food, the defendant cannot be convicted."

The judge refused to give these instructions, and instructed the jury in substance as follows : " Under our statutes, words and phrases are to be construed according to the common and

approved usage of the language, and the question is, What does 'guest' mean? What is common usage? What does the word imply? A guest is, first, one who comes from a distance and is entertained; secondly, a visitor entertained. Who is a guest of an inn? Suppose people go to this house to get liquor, and the defendant says, I cannot supply you unless you sit down and eat some cold tongue, or beef, or some salt fish; if you will eat that, then I will let you have some liquor. Does this make them guests, in the common acceptation of the word? If they are not guests, he can no more sell them liquor, under this mere evasion, (if it is an evasion,) than he can under any other; no more than he could sell some other article and furnish whiskey, and say there is no charge for the whiskey, you pay me for the other article. If the real transaction was to sell liquor, an attempted disguise is no defence. I do not mean to say to you that there is any evidence of such attempted disguise in this case. That is for you. If you find the transaction, as testified to by the defendant, was a mere device or contrivance to sell liquor, and if you are not satisfied that the parties who purchased liquor there on the Lord's day were guests, then the defendant is guilty. If you find they were guests, in the ordinary meaning of the word, then the defendant is not liable."

The jury returned a verdict of guilty; and, in answer to an inquiry by the judge as to what ground they found their verdict upon, said, " It was upon the evidence with regard to furnishing liquor to guests on Sunday." The defendant alleged exceptions.

*H. Kingman,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

W. ALLEN, J. The only exception is to the instructions given, and to the refusal to give instructions asked, in regard to what would show that a person to whom intoxicating liquor was sold on the Lord's day at an inn was a guest of the inn, within the meaning of the Pub. Sts. *c.* 100, § 9, *cl.* 2, which provide that a licensed innholder " may supply such liquor to guests who have resorted to his house for food or lodging."

The instructions asked by the defendant, and the objections urged by him to the instructions given, are founded on the supposed general meaning of the word " guest." It is not worth

while to consider whether a person who resorts to an inn for the purpose of drinking becomes thereby a guest, within any meaning of the word.  As used in the statute, the word is defined by the statute itself, and limited to persons who resort to the house for food or lodging, and clearly excludes those who resort there for the purpose of procuring and drinking intoxicating liquor. The rulings and instructions were correct.

*Exceptions overruled.*