## COMMONWEALTH *vs.* ALBERT W. WORCESTER.

Suffolk.    Jan. 4. — 13, 1886.    C. ALLEN & GARDNER, JJ., absent.

Under the Pub. Sts. *c.* 100, § 12, and the St. of 1882, *c.* 259, § 1, a person licensed to sell intoxicating liquors cannot place or maintain upon the licensed premises a curtain which interferes with a view of any part of the interior of the same, whether such part is used for the sale of liquor or not.

At the trial of a criminal case, the attorney for the government in his argument alluded to the fact that the defendant had not testified as a witness, saying that there were facts which he might have given or explained, and adding that no inference against the defendant was to be drawn from the fact that he did not testify. At the close of the argument, the defendant requested the judge to take the case from the jury, on account of these remarks. *Held,* that the judge was not obliged, as matter of law, to do so.

COMPLAINT, on the Pub. Sts. *c.* 100, § 12, to the Municipal Court of Boston, alleging that the defendant, on July 12, 1885, was duly licensed to sell intoxicating liquors in certain premises in Boston; that the premises were used by him for such sale; and that he then and there placed and maintained upon said premises a certain screen, blind, shutter, and curtain, in such a way as to interfere with a view of the business conducted upon said premises, and with a view of the interior of said premises. Trial in the Superior Court, before *Aldrich,* J., who allowed a bill of exceptions, in substance as follows : .

The defendant, a duly licensed innholder, was proprietor of the Hotel Carrolton, at the corner of Providence Street and Church Street in Boston. He maintained therein a bar-room, in which he was authorized to sell liquors under a license of the first class. The bar-room fronted on Providence Street, and was a clear room, about thirty-two feet long and eighteen feet wide, having two windows and a door on Providence Street. The bar was on the westerly side of the room, opposite to and parallel with the street. It extended southerly about fifteen feet from

the northerly wall of said room, having in front a large rail, and behind it, upon the wall, a sideboard, on which were a beer-pump and the liquors which were kept for sale. Adjoining this on the southerly end was a lunch or oyster counter, some nine feet long, fitted up with a soapstone bed for opening oysters, being at the same height, but not of the same width, as the bar, and having no rail in front, nor any sideboard in the rear. In the rear was a door opening into a hall of the hotel. The space between the oyster counter and the southerly wall of the room, being about eight feet, was unoccupied by any bar or counter, and was entirely open. In the southerly wall, near the southwesterly corner, were doors opening into two water-closets, being the only ones upon this floor. Prior to the defendant's proprietorship of the place, a wire had been stretched along the whole length of the room, near the ceiling, parallel to and in front of the bar, and upon this was a sliding curtain. On the day alleged in the complaint, which was Sunday, the doors of the bar-room were locked, and, so far as appeared, no sales were made therein. The curtain was drawn from the southerly wall northward upon the wire, covering the open space, and lapping over upon the oyster counter some seven feet. No portion of the bar proper was covered by the curtain, nor was there any obstruction in any part of the room where, so far as appeared, liquors were ever sold. The defendant offered to prove that the curtain was hung thus for the purpose only of shielding the approach to the water-closets from the door opening into the hall; but the judge excluded the evidence.

The defendant did not testify in the case; and, in his argument, the district attorney referred to this, saying there were facts he might have given or explained, adding, however, that no inference against the defendant was to be drawn from the fact that he did not testify. The defendant's counsel objected to such statements by the district attorney, and, after the conclusion of the argument for the government, asked the judge to take the case from the jury, because of such reference by the district attorney; but the judge refused so to do.

The defendant asked the judge to instruct the jury as follows: "1. The word 'business,' in the last clause of the Pub. Sts. c. 100, § 12, is limited to the business of selling or keeping for sale of

spirituous and intoxicating liquors. 2. The defendant had a right to maintain a screen for the purpose of cutting off a view of the doors of the water-closets, or for any other purpose, if such screen did not interfere with a view of the liquor business carried on by him on the premises under his license. 3. Whether the curtain in question interfered ' with a view of the business conducted upon the premises,' or ' with a view of the interior of said premises,' is a question for the jury. 4. Evidence that the screen covered a portion of the room only, will not warrant a conviction unless the jury find that it interfered with a view of the business conducted upon the premises, or with a view of the interior of said premises. 5. It is for the jury to say whether ' a view of the interior of said premises' was obstructed by the curtain in question. 6. If the jury are satisfied that the curtain did not interfere with a view of the business conducted on the premises, and did not interfere with a view of the interior of said premises, they must acquit the defendant."

The judge refused so to rule, in the form and language requested, but instructed the jury that, " the defendant being authorized under his license to carry on the liquor business in every part of said room, he had no right to maintain any curtain which would interfere with a view of any part of the interior of that room," and left the question of fact as to whether said curtain did interfere with a view of the interior of the room to the jury, to be decided by them upon the evidence in the case.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*M. F. Dickinson, Jr.*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

MORTON, C. J. The Pub. Sts. c. 100, § 12, provide that no person licensed to sell intoxicating liquors shall place or maintain upon the licensed premises any screen, blind, shutter, curtain, partition, or other obstruction, " in such a way as to interfere with a view of the business conducted upon the premises." By the St. of 1882, c. 259, § 1, this section was amended by adding, at the end thereof, the words " or with a view of the interior of said premises." This amendment is significant, and indicates clearly the intention of the Legislature that not only the part of the licensed premises where the business is usually

carried on, but the whole of the premises, should be kept open, exposed to public view, and free from any blinds, screens, curtains, or other obstructions. The Superior Court properly instructed the jury, that the defendant had no right to maintain any curtain which would interfere with a view of any part of the room.

The court was not required, as matter of law, to take the case from the jury, because the district attorney in closing for the government commented upon the fact that the defendant did not testify as a witness. If any objectionable comments of this character were made, the defendant's remedy was to object to them at the time, and to ask the judge to instruct the jury that they should not be considered by them to his prejudice. The judge was not required to treat the whole trial as a nullity, by taking the case from the jury.    *Exceptions overruled.*