COMMONWEALTH *vs.* JOHN ROURKE.

Middlesex.    February 23. — March 2, 1886.

If a person applies for, accepts, and acts under, a license to sell intoxicating liquors, in which he is described as a common victualler, he cannot set up, in defence of a complaint for the violation of a condition of his license, that he is not a duly licensed common victualler.

The words "no such licensee," in the Pub. Sts. c. 100, § 12, prohibiting the maintenance of screens or other obstructions upon premises licensed for the sale of intoxicating liquors, refer to every licensee, and not merely to one who has been required by the licensing board to remove screens or other obstructions.

COMPLAINT on the Pub. Sts. *c.* 100, § 12, as amended by the St. of 1882, *c.* 259, § 1, alleging that the defendant, on July 19, 1885, at Lowell, was licensed to sell spirituous and intoxicating liquors in certain premises; that said premises were then and there used by the defendant for the sale of such liquors, under the provisions of the license; and that the defendant unlawfully placed and maintained upon said premises certain obstructions, to wit, certain blinds and curtains, which interfered with a view of the business conducted upon the premises. At the trial in the Superior Court, before *Bacon*, J., the jury returned a verdict of guilty; and the defendant alleged exceptions, which appear in the opinion.

*C. S. Lilley,* for the defendant.

*E. J. Sherman,* Attorney General, for the Commonwealth.

MORTON, C. J.    1. As the defendant applied for, accepted, and acted under, a license in which he was described as a common

victualler, he cannot set up, in defence of the violation of a condition of his license, that he was not a duly licensed common victualler, and no further evidence of that fact was necessary.

2. The defendant requested the court to instruct the jury, that "the government must show that the board granting the license to the defendant required him to remove any screens, blinds, shutters, curtains, partitions, painted, stained, or ground-glass windows, or any other obstruction which might interfere with a view of the interior of the licensed premises." This request is based upon a misconstruction of the Pub. Sts. *c.* 100, § 12. The last provision of that section was intended to prohibit any licensee from placing or maintaining, or permitting the placing or maintaining of, any screen, curtain, or other obstruction upon the licensed premises. The words "no such licensee" refer to every licensee, and not merely to one who has been required by the licensing board to remove a screen, curtain, or other obstruction. This is the plain meaning of the provision.

*Exceptions overruled.*