## COMMONWEALTH *vs.* MICHAEL F. KANE.

Bristol. Oct. 26. — Nov. 24, 1886. DEVENS & W. ALLEN, JJ., absent.

Under the Pub. Sts. *c.* 100, § 12, and the St. of 1882, *c.* 259, § 1, if a person who is licensed to sell intoxicating liquors in a building uses a middle room for the sale of such liquors, the usual entrance to which is had from the street by a door leading from the street to a front room, and thence by a door to the middle room, screens on the windows of the front room, which interfere with a view of the door into the middle room, render the license void.

COMPLAINT for keeping and maintaining a common nuisance, to wit, a certain tenement in New Bedford used for the illegal sale and illegal keeping of intoxicating liquors, on April 1, 1886, and on divers other days and times between that day and May 22, 1886. Trial in the Superior Court, before *Staples*, J., who allowed a bill of exceptions, in substance as follows:

It appeared that, during the time covered by the complaint, the defendant was a duly licensed innholder at 683 Purchase Street in New Bedford, and held a license of the first class, under the Pub. Sts. *c.* 100, for the sale of intoxicating liquors on said premises from May 1, 1885, to May 1, 1886, and also a similar license for the same premises from May 17, 1886, to May 1, 1887; and that the licenses granted included the whole of said premises, and there were no orders of the boards granting said licenses for the removal of partitions, curtains, or screens.

The government offered evidence tending to show that, on Sunday, April 25, 1886, sales of whiskey were made to four or five persons in the defendant's middle room or bar-room, furnished and sold by the defendant and got from the bar; that on Saturday night, April 17, 1886, after eleven o'clock, there were forty people in the bar-room, of whom eight or ten called for and drank whiskey and beer from glasses at the bar; that on Sunday evening, April 18, several persons were seen going into and coming out of the premises; that from April 1 to May 17, there was a curtain at each window of the front room on the street, and, by reason of it, nothing could be seen of the interior of the place.

There was other evidence tending to show other sales in said bar-room on Sundays, and after eleven o'clock at night, to persons not guests, the curtains being in the condition aforesaid.

All of the above evidence was controverted by the defendant's witnesses.

The government also introduced evidence tending to show that, from April 1 to May 17, the defendant kept and maintained a partition, extending the entire width of the building on Purchase Street, between the front and middle rooms thereof on the first floor, which obstructed the view of the interior of the middle room, which was the bar-room testified to as the place where said illegal sales were made, and of the business conducted therein. It appeared that said partition was permanent, and a part of the building as originally constructed; and that the middle room was used and occupied as a lunch and bar room.

There was also evidence tending to show that, during said time, the lower half of the window on either side of the entrance to the building on Purchase Street was covered by a curtain or screen, which obstructed a view of the interior of the front room, and of the business conducted therein.

No evidence was offered tending to show that said curtains or screens were affixed to the windows after the issuing of said license.

It appeared that the front room extended the width of the building on Purchase Street, and was used as an office, having in one corner thereof two stalls for dining purposes, and at the other end a counter and case for the keeping and sale of cigars.

The judge instructed the jury as follows: "You need not regard the partition as anything objectionable in point of law; in this case, the partition is not to be regarded as an obstruction within the meaning of the statute. If the defendant placed and maintained screens or curtains in the front windows of the premises used by him, under the provisions of his licenses, for the sale of spirituous or intoxicating liquor, in such a way as to interfere with a view of the business conducted upon the premises, or with a view of the interior of the premises, then the placing and maintaining of such obstruction rendered the license void, and subsequent sales made therein of intoxicating liquor by the defendant, within the time alleged, were illegal sales, and may be considered

by the jury in determining this issue. The defendant may be convicted of the offence charged, upon evidence that satisfies the jury beyond a reasonable doubt that he kept and maintained a tenement during the time alleged or some substantial part of it, it being then and there used by him for the keeping and sale of intoxicating liquor while he was violating the conditions of his license relating to screens and other obstructions; his license is no justification for acts done under these circumstances."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*T. F. Desmond*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

C. ALLEN, J. The building licensed was numbered 683 Purchase Street, and the entrance was from Purchase Street. It does not appear that there was any other entrance. There was a front room, extending the width of the building on the street, which room was used as an office, and had in it two eating stalls, and a counter and case for cigars. Adjoining and separated by a partition was a middle room, which was the bar-room where liquor was sold. The defendant's bill of exceptions does not show that there was an entrance to the bar-room from outside, or that there was no door between the front room and the bar-room. We are therefore to assume against him, what seems probable, that the entrance to the bar-room was from the front room; and, assuming this, the maintenance of curtains or screens covering the windows of the front room, and thus cutting off a view of the usual entrance to the bar-room, rendered the license void. Pub. Sts. *c*. 100, § 12. St. 1882, *c*. 259, § 1. *Commonwealth* v. *Worcester*, 141 Mass. 58.         *Exceptions overruled.*