## IN RE PROTEST OF JOHN D. MACRAE.

FILED FEBRUARY 22, 1906. No. 13,866.

1. **Liquor License:** EVIDENCE: REVIEW. Where an applicant for a liquor license introduces sufficient evidence before a licensing board to show *prima facie* that the signers of his petition possess the necessary statutory qualifications, a finding in his favor on that question will not be set aside on appeal.

2. **Intoxicating Liquors:** SALE TO MINOR. Where a minor purchases liquor, not for his own consumption, but for the use of another, who sent him to buy it, whose money pays for it, to whom it is delivered, and to whom the sale may be lawfully made (the seller being so informed), it is not a sale to a minor within the meaning of section 8, chapter 50, Compiled Statutes 1903, entitled "Liquors."

3. ————: SALE ON SUNDAY: EVIDENCE. When an applicant for a liquor license is charged before the licensing board with having sold

intoxicating liquor on the first day of the week, commonly called Sunday, and the evidence on the hearing is conflicting, the question presented is one of fact to be determined on the weight of such evidence.

· 4. ———: SCREENS: LICENSE. The purpose of section 29, chapter 50, entitled "Liquors," is to secure to the proper authorities an unobstructed view of the manner in· which the business of selling intoxicating liquors is being conducted, and, as the evidence in this case shows beyond question that the applicant so screened the windows and doors of his place of business as to obstruct such view, it was the duty of the board to find him guilty of the violation of that section and refuse to grant him a license.

ERROR to the district court for Douglas county: GEORGE A. DAY, JUDGE. *Reversed.*

*Montgomery & Hall,* for plaintiff in error.

*W. J. Connell, contra.*

BARNES, J.

Charles Metz, the defendant herein, applied to the board of fire and police commissioners of the city of Omaha for a license to sell malt, spirituous and vinous liquors at No. 2705 Leavenworth street, in said city, for the period of one year, commencing on the first day of January, 1904, under the city ordinances and the provisions of chapter 50, ·Compiled Statutes 1903 (Ann. St. 7150-7184). To this application the plaintiff, John D. MacRae, filed a remonstrance, alleging that the applicant's petition was not signed by 30 freeholders of the ward in which the business was to be conducted; that the applicant had been guilty of a ,violation of section 8 (Ann. St. 7157) of said chapter 50, in that, during the preceding year, he had sold liquor and intoxicating drinks to minors; that the applicant had been guilty of selling intoxicating liquors on the first day of the week, commonly called Sunday; and that he had been guilty of violating the provisions of section 29 (Ann. St. 7179) of the act in question, in that he failed to keep the windows and doors of his place of busi‧

ness unobstructed by screens, blinds, paint or other articles. After a full hearing, the board overruled the protest and remonstrance, and granted the license as prayed for by the applicant. The remonstrator appealed to the district court for Douglas county, where the order of the board was affirmed, and from that judgment he brings the case to this court by petition in error.

1. The plaintiff's first contention is that the court erred in sustaining the finding and judgment of the licensing board that the petition was signed by a sufficient number of freeholders residing in the ward where the business was to be conducted. In order to procure such a license, the applicant must show that the signers of his petition possess the qualifications required by the statute; and, recognizing this rule, the applicant at the outset of the hearing introduced his evidence tending to establish that fact. While this evidence is not very conclusive, yet we are satisfied that it made at least a *prima facie* case, and, as the plaintiff herein introduced no contradictory proof, it was sufficient to sustain the finding of the board on that question.

2. It is next contended that the license should have been refused, for the reason that the applicant had violated the provisions of section 8 (Ann. St. 7157) of the act in question by selling intoxicating liquor to minors. The burden of proving that charge was on the remonstrator, and in order to establish it he showed by one Fred Steinhauser, a minor, that he had frequently obtained beer at the applicant's saloon during the preceding year, but he also stated that he procured it for his mother, and never drank any of it himself. The applicant's bartender testified to the same fact, and added that he delivered the beer to the witness only when he was sent for it by his folks; that he delivered it to him to carry to his mother and sister, who were both adults. This requires a decision of the question whether the sales above described were sales to a minor, and within the inhibition of the law.

It is proper to say at the outset that the authorities

are somewhat divided on this question. In some jurisdictions it is held that a mere delivery of intoxicating liquor to a minor constitutes a sale within the meaning of the statute. But these decisions turn mainly upon the peculiar wording of the statutes on which they are based, and it would seem that they are not sustained by the weight of authority. In Black, Intoxicating Liquors, sec. 420, it is said: "When a minor purchases liquor, not for his own consumption, but for the use of another person, as whose agent or messenger he is acting, and to whom the sale might lawfully be made, the guilt or innocence of the seller will depend upon the disclosure to the seller of the fact of agency, because, so far as concerns the seller, that will determine the person who is to fill the character of purchaser. If the minor informs the liquor dealer that the liquor purchased is for the use of another person, who has sent him to buy it, and with whose money he pays for it, such being in truth the case; or if the dealer knows, from other sources of information, that the real purchaser is an adult and the minor is only his messenger, then the sale takes place between the dealer and the adult, the minor is not concerned in it except as he is merely the conduit by which the money is conveyed to the one and the liquor to the other, and consequently the dealer cannot be convicted of selling to the minor." This doctrine seems to be sustained by *Commonwealth v. Lattinville*, 120 Mass. 385; *O'Connell v. O'Leary*, 145 Mass. 311; *State v. McMahon*, 53 Conn. 407; *State v. Walker*, 103 N. Car. 413; *Monaghan v. State*, 66 Miss. 513; *Wallace v. State*, 54 Ark. 542; *Randall v. State*, 14 Ohio St. 435. In *Monaghan v. State, supra*, it was said:

"To 'sell' liquor to a minor is what is forbidden by the statute. Merely to deliver liquor to a minor, with notice that it is to be carried to an adult, is not a sale within the meaning of the statute. We cannot extend the terms of a criminal statute beyond its clear legal meaning. We cannot construe the word 'sell' in the statute to mean something different from its ordinary legal import. Undoubt-

edly, a minor may be an agent or lawfully go on errands for an adult, and a person may buy through an agent, and in such case, there being no question of the fact of agency, although the dealing is with the agent, and the delivery is to him, in legal effect the sale is to the principal. The law is, that where a person contracts as agent, or he is known to be such, the contract is with the principal, and not with the agent; but where the agent deals in his own name, and the principal is not disclosed or known, the contract is with the agent and he is liable."

Therefore it was proper for the applicant to show that the liquor was drawn and delivered to the minor in pursuance of an agreement with his parent for its purchase and subsequent delivery to her. It has also been held that, as between a seller and an agent who deals with him without disclosing the fact that he acts in that capacity, the latter as well as the principal may be regarded as the purchaser. So it may be possible for a liquor seller who contracts with the minor to be convicted of selling liquor to him, notwithstanding the fact may subsequently be disclosed that the minor acted as the agent for an adult. It would seem to follow that, where liquor is sold and delivered to a minor under the belief on the part of the seller that it is for an adult, yet, if the case should prove to be one where the minor was in fact purchasing it for himself and thus used it, such belief of the liquor dealer would constitute no defense to a charge of unlawful sale to such minor. In other words, a liquor seller who delivers intoxicating liquors to a minor does so at his peril; and, if it afterwards appears that the minor obtained it by a false statement that it was for the use of an adult, the false statement will constitute no defense to a prosecution based on such sale. So we are of the opinion that the evidence in this case failed to show that the applicant was guilty of the sale of intoxicating liquors to a minor as alleged in the remonstrance.

3. The question of the sale of intoxicating liquors on Sunday by the applicant in this case is not free from

doubt. Two or three witnesses testified that they had purchased beer at the applicant's saloon on Sunday within the year next preceding the filing of his application. This fact was denied, however, by the applicant and his bartender, who testified that the witnesses for the remonstrator were not in the applicant's saloon, and that he sold no liquor to them on the occasions mentioned by them. So there was a conflict of evidence on that point, and we are inclined to think that the district court did not err in sustaining the finding of the licensing board on that question.

4. This brings us to the fourth and last contention presented for our consideration. It was claimed by the remonstrator that the applicant had been guilty during the preceding year, of violating the provisions of section 29 (Ann. St. 7179) of the act, which reads as follows: "It shall be the duty of all vendors of malt, spirituous, or vinous liquors, under the provisions of this act, to keep the windows and doors of their respective places of business unobstructed by screens, blinds, paint, or other articles, and any person offending against the provisions of this section thereof shall be deemed g: 'ty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not less than $25, or be imprisoned in the county jail not less than ten days, or both, at the discretion of the court, and shall have his license revoked by the same authority granting the same." Considering this section with the other provisions of the chapter of which it is a part, it seems apparent that its purpose was to secure to the proper authorities at all times an unobstructed view of the manner in which intoxicating liquor is being sold, so that, without effort, the persons charged with the enforcement of the law can readily ascertain whether its terms are being violated or not. It seems that it is a violation of the section to place curtains or screens that obstruct the view of the place where the business is being conducted. Black, Intoxicating Liquors, sec. 153; *Commonwealth v. Worcester*, 141 Mass. 58.

The evidence introduced on the hearing by the remonstrator showed conclusively that the front windows of the applicant's place of business have a heavy damask cloth, perhaps 36 to 38 inches wide, stretched across them, and, in addition to this, heavy cloth that covers the lower half of the windows, there are large curtains that pull down, thus completely covering them; that in front of the door there is a kind of screen, with a glass that stands up against the counter; that on Sundays, during the year preceding the filing of the application for a license, the top curtains were pulled down, and from the street one could not see into the applicant's place of business at all; that on week days it was only possible to see inside by climbing up and looking over the screen and curtains. On the cross-examination of the witnesses for the remonstrator it was brought out that the curtains and the screen had, for several years, been in about the same condition. The evidence clearly shows that the curtains, both lower and upper, and the screen, standing some distance inside of the front door, were so arranged as to obstruct the view of the interior of the room in which the applicant's business has been conducted. That this amounts to a violation of the statute, no matter where the obstructions to the view were placed, whether at the windows and doors or some distance away from them, cannot be doubted. *Commonwealth v. Kane*, 143 Mass. 92.

The applicant introduced no evidence to dispute the existence of the foregoing facts, and there was no conflict of evidence on this point. It follows that it was the duty of the board to find that "it was satisfactorily proved" that the applicant had been guilty of a violation of the provisions of section 29, as alleged in the remonstrance, and, for that reason, to refuse a license to the applicant. For the failure of the board to perform its plain duty in that behalf, and for the failure of the district court to so find, the judgment of the district court must be reversed, and the cause remanded. As the license period in question has long since expired, the only thing left for the district court

to do is to reverse the order of the licensing board at the costs of the applicant.

REVERSED.