## CAKE *v.* DISTRICT OF COLUMBIA.

STATUTES; INTOXICATING LIQUORS; HOTELS.

1. The courts frown upon any trick, artifice, subterfuge, or device for the evasion of a criminal statute, especially a statute regulating the manufacture and sale of intoxicating liquors.

2. Where two policemen, not in uniform, having entered a hotel *café* on Sunday and ordered beer, were told by the waiter that the manager had directed him not to serve liquor on Sunday to any person except bona fide guests of the hotel at their meals or in their rooms, whereupon, following a conversation between the parties, the waiter brought the hotel register, and the policemen registered as guests, and then ordered and were served with a sandwich, a bottle of beer, and a high ball, it was *held* in a prosecution of the hotel proprietor for violation of the act of Congress of March 3, 1893 (27 Stat. at L. 563, chap. 204), prohibiting the sale of intoxicating liquors on Sunday except by hotels to their guests, that the question of whether the policemen were bona fide guests was one of fact, and the accused having been tried by the court without a jury, a judgment of conviction was *affirmed.* (Following *Lehman* v. *District of Columbia,* 19 App. D. C. 217.)

No. 1985.   Submitted March 16, 1909.   Decided April 13, 1909.

IN ERROR to the Police Court of the District of Columbia.
                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This case comes here on writ of error from the police court of the District of Columbia. The plaintiff in error, Horace M. Cake, was convicted of the crime of unlawfully selling intoxicating liquor on Sunday. The information reads as follows: "James L. Pugh, Jr., Esq., assistant corporation counsel, who, for the said District of Columbia, prosecutes in this behalf in his proper person, comes here into court, and causes the court to be informed, and complains, that Horace M. Cake, late of the District of Columbia, aforesaid, is the keeper of a licensed barroom or place where intoxicating liquors are sold, under the provisions of an act of Congress entitled 'An Act Regulating the Sale of Intoxicating Liquors in the District of Columbia,' approved March 3, 1893, on the 20th day of December, in the year one thousand nine hundred and eight, on 'I' street, northwest, in the city of Washington, District of Columbia, aforesaid, did then and there keep and have said place for the sale of, and did sell, intoxicating liquors on said day, the said day being Sunday, contrary to and in violation of an act of Congress entitled 'An Act Regulating the Sale of Intoxicating Liquors in the District of Columbia,' approved March 3, 1893, and constituting a law of the District of Columbia."

It appears that two members of the police force of the District of Columbia, dressed in citizens' clothes, entered the *café* of the Normandie hotel in the city of Washington on the date named in the information, and seated themselves at a table. They were the only patrons in the room at the time. They called a waiter and ordered two bottles of beer. The waiter called the head waiter, who informed them that the manager had directed them not to serve liquors on Sunday to any persons excepting bona fide guests of the hotel at their meals or in their rooms. The further conversation that occurred at this time is not disclosed by the record, but it appears that the head waiter brought the hotel register down from the office, and the two policemen registered. They then ordered a cheese sandwich and a bottle of beer each. These were served. The police-

men ate the sandwiches and drank the beer, after which they each ordered a high ball, which was served by the same waiter. After drinking the high balls, they paid their bills and left the hotel. Subsequently, the defendant was arrested, and the above information was filed against him.

This prosecution is instituted under the act of Congress of March 3, 1893, forbidding the sale of intoxicating liquor on Sunday. The act contains the following proviso: "Provided, that the keeper of any hotel or tavern having a license under this act may sell intoxicating liquors to bona fide registered guests in his hotel or tavern at the meals or in the rooms of such guests." [27 Stat. at L. 565, chap. 204, § 6.] The only question in this case is whether the sale of the liquor to the two policemen, as above outlined, constituted a bona fide sale to registered guests of the hotel.

*Mr. William C. Prentiss* for the plaintiff in error.

*Mr. Edward H. Thomas,* Corporation Counsel, and *Mr. Francis H. Stephens,* Assistant, for the defendant in error.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

We are of the opinion that the mere bringing of the register from the hotel office down into the *café,* and the signing of the same by the witnesses, was not sufficient to make them bona fide registered guests of the hotel. This is not a new device conceived by hotel keepers for evading the enforcement of liquor laws. It has frequently been adopted by hotel keepers and others, and has been generally discountenanced by the courts. The courts frown upon any trick, artifice, or subterfuge devised for the evasion of the provisions of a criminal statute. Especially is this true in relation to statutes regulating the manufacture and sale of intoxicating liquors. The whole subject of the manufacture and sale of intoxicating liquors in this country has become one of police regulation. It is only permitted under license and within close restrictive limitations, **and a**

statute defining such restrictions should be so construed as to keep the licensee strictly within its provisions. An enlightened public sentiment no longer regards it as a natural and inherent right in the citizen either to manufacture, sell, or use intoxicating liquor. The power to place a limitation upon the sale and manufacture of intoxicating liquor implies the power to place a limitation upon its use. The whole question is one for police supervision, and the legislation on the subject is for the protection of society, and, as such, embraces within its limitations not only the manufacture and sale, but the use, of intoxicating liquors.

Counsel for plaintiff in error relies upon the case of *Com.* v. *Regan,* 182 Mass. 22, 64 N. E. 407, where Mr. Justice Holmes, speaking for the court, said: "The business of an innholder is not put under a ban by the law. It must be assumed to be respectable even when involving the sale of liquors by license. We cannot suppose that the legislature meant to make its license illusory, and the innholder's liability to fine a pure matter of chance, as they would be if the innholder is responsible whenever a guest wants the food he pays for only as a means of obtaining his drink. The statute imposes a penalty, and it should be construed in a reasonable, practical way, rather than so as to make the business impossible or a lottery." A similar holding is called to our attention in the case of *Re Cullinan,* 93 App. Div. 427, 87 N. Y. Supp. 660, where the court said: "We apprehend, under the liberal construction to which a revenue measure is entitled, and considering the forfeiture which is worked by a violation of the provisions of the statute, that it is not the duty of the respondent to inquire diligently into the motives which actuate those who frequent his premises. He has a right, in the absence of knowledge to the contrary, to assume that one who comes into his place and orders a sandwich or any other article of food, does so because he desires the nourishment which it affords; and, if a single sandwich satisfies the desires of the person, it constitutes a meal, and the keeper of a hotel has the right to serve liquors to him with such meal."

We take no issue with these courts, but the facts there under

consideration were different from those in the case at bar. Here, the policemen, when they entered the *café,* did not request anything to eat, but ordered beer. The manager then presented the hotel register, on which they entered their names, and then, for the first time, the question of something to eat came up, and sandwiches were ordered. Plaintiff in error is not in a position to assert that he supposed they came to the hotel for a meal. Their motive in going there was revealed before the register was brought down from the office above, and he cannot now claim that he was deceived. Whatever trap the policemen were laying to catch the plaintiff in error, they indulged in no subterfuge. They clearly revealed their wants in such a way that a compliance therewith meant, under any circumstances, a wilful violation of the law. Plaintiff in error, with a clear understanding of the situation, voluntarily took his chances of being detected, and he cannot now be heard to say that he was deceived.

The proviso of the statute above quoted permits the serving of intoxicating liquors at hotels on Sunday only to such persons as are bona fide registered guests of the hotel. This restriction is one that rests primarily upon the hotel keeper. He is obliged to satisfy himself that persons seeking service of liquors at the hotel under the provisions of the statute are bona fide registered guests, as therein required. Hence, whatever subterfuge may be indulged in by the persons seeking service, none can be tolerated on the part of the hotel keeper. In this case, the plaintiff in error was the moving party in the subterfuge, by having the hotel register brought to the policemen for their signatures, in order that he might thereby evade the restrictions of the statute. It has been held that, "under a statute permitting hotel keepers to serve liquor to their guests at meals, a violation of the law is committed where nothing in the shape of a meal accompanies the liquor ordered and consumed by a customer except a sandwich, and especially where the sandwich is neither ordered, eaten, nor paid for by the customer, and is no more than a perfunctory adjunct to the drink." 23 Cyc. Law & Proc. p. 182, note 36, and cases cited.

In a leading case in Massachusetts, the court said: "It is not worth while to consider whether a person who resorts to an inn for the purpose of drinking becomes thereby a guest within any meaning of the word. As used in the statute, the word is defined by the statute itself, and limited to persons who resort to the house for food or lodging, and clearly excludes those who resort there for the purpose of procuring and drinking intoxicating liquor." *Com.* v. *Hagan,* 140 Mass. 289, 3 N. E. 207; *Com.* v. *Moore,* 145 Mass. 244, 13 N. E. 893. This, we think, is the proper test to be applied in the enforcement of the statute here under consideration. Did these two policemen resort to the hotel for the purpose of securing food or lodging, and thereby become bona fide guests of the hotel? If they did, then the service of the intoxicating liquors was a mere incident to the general purpose for which they resorted to the hotel. On the other hand, if they went to the hotel for the purpose of securing intoxicating liquors, then the registering and service of a sandwich became mere incidents to their general purpose in going there. We think it clearly appears from the evidence in this case that their purpose in going to the hotel was to secure intoxicating liquors, and not to become bona fide guests thereof. And we are further convinced that the plaintiff in error so regarded the object of their visit, and, in serving them, attempted, by a mere pretext, to escape the plain restrictions of the law.

This is in full accord with the former holdings of this court. In *Lehman* v. *District of Columbia,* 19 App. D. C. 217, 231, the court said: "It is very clear from the testimony that the persons to whom such beer was being served were not registered guests of the hotel, at least, were not bona fide registered guests. If such they were, it was incumbent on the defendant to show the fact, which he might very readily have done, if he desired to bring himself within the exception of the proviso, which allows the sale of intoxicating liquors by keepers of hotels on Sunday to the registered guests of their houses. * * * It was in evidence that there was a very large number of persons on the premises who were supplied with liquor from the barroom of the defendant, and that some of these also were sup-

plied with sandwiches. The claim of the defendant was that he supplied liquor to none but bona fide registered guests. The question, therefore, was distinctly raised as to what constituted a bona fide registered guest, to whom intoxicating liquor could be lawfully sold on Sunday; and the trial court did not err in holding that there must be actual bona fides or good faith in the transaction."

The question of whether or not the two policemen in this case were bona fide guests at the hotel is one of fact, which, had the case been tried before a jury, would have been submitted to the jury for determination. It was incumbent upon the plaintiff in error to show that these persons were such guests. The court below found from the evidence that plaintiff in error had failed to discharge this burden. We think the court properly interpreted the evidence, and we find no reason to disturb its conclusion.

The judgment is affirmed, and it is so ordered. *Affirmed.*

A motion by the plaintiff in error for a rehearing was overruled May 22, 1909.