IN RE RICHARD HARTWIG.

RICHARD HARTWIG, APPELLEE, V. GEORGE BAUER, JR., APPELLANT.

FILED SEPTEMBER 28, 1912.   No. 17,548.

Intoxicating Liquors: LICENSE: PETITION: SUFFICIENCY. In order to authorize a county board to grant a liquor license, a petition containing the names of at least 57 qualified resident freeholders was necessary. The petition in the record contains 79 names. A number of petitioners withdrew their names before the hearing. It was shown that several others had signed the petition after it was filed, but it is not proved that names were withdrawn so as to reduce the number of signers below the required number when the notice was published nor when final action was taken. The action of the board holding the petition sufficient is therefore sustained by a preponderance of the evidence.

APPEAL from the district court for Seward county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*R. P. Anderson,* for appellant.

*R. S. Norval, contra.*

LETTON, J.

The only issue presented is whether a sufficient number

of *bona fide* resident freeholders of "K" township, in Seward county, had signed the petition of the applicant before the license was granted by the county board.

At the time the petition was filed there were 113 resident freeholders in the township. In the abstract prepared by appellant only 55 names are shown as having been signed to the petition, but the additional abstract of appellee shows there were 79 names appended. Appellant contends that, since 55 is not a majority of the resident freeholders, the board had no authority to act. If the proof sustained him the law is clearly with him. *Maxwell v. Reisdorf*, 90 Neb. 374. The record shows that a number of the persons whose names appear upon the petition signed their names thereto after it was filed, but there is absolutely no proof that the requisite number of names were not upon the petition before it was filed or before the first publication of the notice of the applicant.

Since there is nothing to show that the requisite number of names of qualified signers did not appear upon the petition before the filing thereof or before the publication of the notice, the district court did not err, and its judgment is, therefore,

AFFIRMED.