HARRY W. SHACKELFORD, APPELLANT, V. FRANK ZIMMERMAN, APPELLEE.

FILED OCTOBER 31, 1913. No. 18,108.

Intoxicating Liquors: LICENSE: PETITION: RESIDENT. If otherwise qualified, it is not essential that the signer of a petition for a liquor license has resided in a village for the length of time required to make him a legal voter. It is essential that there be a residence in good faith, and not merely a temporary residence for the purpose of signing the petition.

APPEAL from the district court for Sarpy county: HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*Harry W. Shackelford, pro se.*

*James T. Begley* and *E. C. Page, contra.*

LETTON, J.

This is an appeal from an order of the district court affirming the action of the village board of Springfield granting the applicant, Frank Zimmerman, a license to sell intoxicating liquors.

At the hearing it was stipulated that all the 31 names which appear upon the petition were upon the petition at the time of filing, except that of Mrs. Fackler, which was added on April 28, 1913; that the remonstrator is a practicing attorney of Omaha, and has never lived in Springfield or in Sarpy county; that at the last preceding municipal election the question of license or no license was submitted to a vote of the electors and the license proposition carried by the requisite legal vote.

The principal objections made are that sufficient notice of the hearing was not given, and that 30 qualified freeholders had not signed the petition. It appears that when the notice was published 30 names were signed to the petition. After the publication had been begun one signer withdrew his name, but before the license was granted the name of another qualified signer was affixed. This was sufficient. *Livingston v. Corey,* 33 Neb. 366; *In re Hartwig,* 91 Neb. 779.

After allowing the withdrawal, the names of 30 persons were left on the petition at the time of the hearing. It was stipulated that 22 of the signers were resident freeholders. This left only 8 persons whose qualifications were in dispute, whose names were numbered respectively, 1, 3, 4, 14, 20, 23, 24, 27, as they appear in the petition. The county clerk and *ex officio* register of deeds was called and asked whether he had made an examination of the

Shackelford v. Zimmerman.

deed records of the county for the purpose of ascertaining whether or not real property in the village of Springfield stands at the present time in the deed records of Sarpy county in the names of each of 21 signers of the petition (including the eight persons whose qualifications are in dispute). He answered that he had; that this examination was made on Monday of that week, and that no filings had since been made affecting the title; that he took up each name separately and made the examination. Original deeds of real estate in the village to four of the eight persons were produced at the hearing. It was also stipulated that another was an heir at law of a deceased freeholder who died intestate seized of real estate in the village of Springfield, and that he is a resident of the village. Three others each testified that he owned real estate in Springfield, and that he was a resident of the village. It was also stipulated that the remaining signer was a resident of the village. There was no evidence on the other side. It was contended that, because one of the signers became a resident on the day he signed the petition, he was not qualified so to do. The essential qualification is *bona fide* residence, and it is unnecessary that the signer has not acquired such a residence as would permit him to be a legal voter. The evidence shows this man had long been a resident of the county and was a resident in good faith of the village.

It is true that as to one signer, who is stipulated to be a resident, the evidence as to his ownership of real estate is not of much weight, but we think that, in the absence of anything to the contrary, there was sufficient to make a *prima facie* case as to him. *In re MacRae,* 75 Neb. 757.

Considering the whole case, we are satisfied that the district court did not err in affirming the action of the village board. Its judgment is therefore

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.